SAMUEL FURLONG *versus* JOHN POLLEYS & *al.*

Usually, the damages recoverable at law are limited to the natural and proximate consequences of the act complained of.

If the damages sustained are not the necessary consequence of such act, they can be recovered only when specially set forth in the declaration.

In the assessment of damage for the breach of a contract by the non-delivery of an article at the stipulated time and place, the essence of the legal rule is, to place the injured party in an equally favorable condition, by allowing him such compensation as would enable him to supply himself.

One sold a quantity of hay at an agreed price and received pay for it by a promissory note. It was for lumbering operations, and was to be furnished at a specified place in the forest, where no such article was for sale, and no market price existed. Hay was furnished, but it was deficient in quality and was not accepted. *Held,* the measure of damage recoverable by the vendee, was the difference between the price paid by the note, and the market price of the agreed sort of hay, at the nearest and most suitable place where it could be purchased, together with the necessary cost of transportation therefrom.

The same rule of computation is to be applied for ascertaining the deduction to which the vendee is entitled, if sued upon the note.

EXCEPTIONS. Assumpsit, on two notes of hand, each of

$120, given for 10 tons of merchantable meadow hay, and " a logging chance" in township No. 9. The hay was valued at $120; and the " chance" at the like sum.

WELLS, J. presided at the trial. It appeared that defendants went on and lumbered, and also took between three and four tons of the hay, but did not take the remainder, because they said it was not merchantable, There was a large quantity of hay belonging to the plaintiff, when the defendants took the three or four tons, but it did not appear to be any better than what was taken.

After using between three and four tons, the defendants went to Topsfield, and procured English hay for the teams, for the remainder of the season. There was no evidence that they could have procured hay from a nearer point.

The Judge instructed the jury that, if they found the hay not merchantable, and not in conformity to the contract, and that defendants suffered loss in consequence, whatever loss they sustained by the breach of the contract, as to the hay, should be deducted from the note for the hay, and they might allow the defendants, as a part of said damage, what it cost them to send to Topsfield to procure hay, if it could not be supplied from any nearer point.

*F. A. Pike*, for plaintiff.

*Downes, Cooper* and *Fuller*, for defendants.

SHEPLEY, C. J. — The defendants made with the plaintiff, a contract of purchase of " ten tons of merchantable meadow hay," and of a " logging chance," on township numbered nine, and gave their notes therefor, payable in boards. The suit is upon those notes.

The defendants offered in defence testimony to prove, that the hay was not of a merchantable quality, and that they therefore refused to receive more of it than between three and four tons, and that they obtained a supply of English hay in the town of Topsfield.

Exceptions are taken to the instructions respecting the meas-

ure of damages, which the defendants might recover, to be deducted from the notes.

The damages recoverable are limited to the natural and proximate consequences of the act. If they are not the necessary consequence of it, they can be recovered only when specially set forth in the declaration. 2 Greenl. Ev. § 254; *Dickinson* v. *Boyle*, 17 Pick. 78; *Stevens* v. *Lyford*, 7 N. H. 360; *Palmer* v. *York Bank*, 18 Maine, 166.

When the law has prescribed a rule for the assessment of damages, that must be applied, instead of the more general rule of indemnity, to determine the rights of the parties. The measure of damages for the neglect or refusal to deliver goods, purchased or agreed for, is determined by law to be the difference between the price paid or agreed to be paid, and the market price of the like goods at the time and place of delivery. *Leigh* v. *Paterson*, 8 Taunt. 540; *Gainsford* v. *Carroll*, 2 B. & C. 624; *Boorman* v. *Nash*, 9 B. & C. 145; *Shepherd* v. *Hampton*, 3 Wheat. 200; *Day* v. *Dox*, 9 Wend. 129; *Davis* v. *Shields*, 24 Wend. 322; *Shaw* v. *Nudd*, 8 Pick. 9; *Stevens* v. *Lyford*, 7 N. H. 360; *Smith* v. *Berry*, 18 Maine, 122.

In the case of *Miller* v. *The Mariner's Church*, 7 Greenl. 51, the contract was made for a supply of stone, wrought in a particular manner, for a particular building, to be delivered, as was contended, at a particular time. If such stone were not supplied, others of that description could not be expected to be found for sale, and the erection of the building might necessarily be delayed.

Should it appear, that goods of a kind like those sold could not be obtained at the time and place of delivery, and that no market price there existed, the party entitled to damages must upon principle, be allowed to ascertain the market price at the nearest and most suitable place, where the goods could have been purchased, and the difference between the market value there at the time, and the price paid, adding the necessary cost of their transportation to the place of delivery, would be the measure of damages. The essence of the rule being to place

the party injured in the same situation, by allowing him to supply himself, as he would have been, if the goods had been delivered. *Brandt v. Bowlby*, 2 B. & Ad. 932.

The jury under the instructions given in this case, must have found that hay could not have been purchased at any place nearer to the place of delivery than Topsfield. But the instructions permitted the jury to take as the measure of damges, what it cost the defendants to procure a supply of hay at Topsfield instead of the market value of the like kind of hay at that place, and the necessary expense of transporting it from there to the place of delivery. They might have paid for the English hay procured, more than the market price for merchantable meadow hay, and might have incurred more expense in the transportation of it than was necessary, and under the instructions may have recovered, what it cost them to procure the hay, which they did obtain, and what it cost them for its transportation.          *Exceptions sustained, verdict set aside and new trial granted.*