Olmstead *v.* Burke.

---

COLEMAN OLMSTEAD, Plaintiff in Error, *v.* JACOB BURKE, Defendant in Error.

### ERROR TO LA SALLE.

In an action for the breach of a contract, where no special damages are stated in the declaration, the plaintiff's recovery is limited to such damages as naturally arise from the breach complained of.

Special damages, being those that do not necessarily result from the breach complained of, must be particularly stated in the declaration, otherwise they cannot be recovered.

The loss of probable profits constitutes no part of the general damages.

THIS was an action on a covenant by defendant in error against plaintiff in error. No special damages are set out in the declaration.

It appears that Olmstead had leased to Burke a piece of land containing twenty acres, and having a house on it which Burke had previously occupied. That in the lease said Olmstead agreed with said Burke that he would furnish and provide him with a team of horses and tools and seed corn necessary to be

used by Burke in tilling said land, and that Burke agreed to cultivate the land on shares. That Olmstead furnished the team, but that Burke used it in hauling trees, at $3 per day, when he should have been ploughing; and that on the 2nd day of May, the land not yet having been ploughed, Olmstead refused to let him have the team any longer, and evicted him from the land, though he (Burke) still continued to occupy the house. The action was brought to recover damages for this eviction.

Evidence was admitted by the court, notwithstanding the objection of defendant below, showing the probable value of the crop which Burke might have raised on the land. The case was tried before CHAMPLIN, Judge, and a jury, and verdict for plaintiff below for $100. Plaintiff remitted $20, and judgment was rendered for $80. Motion for a new trial overruled. Defendant below now brings the cause to this court, and asks a reversal, on the ground that the court below admitted improper testimony, and that a new trial should have been granted.

GLOVER, COOK & CAMPBELL, for Plaintiff in Error.

CRAWFORD & WIDMER, and T. L. DICKEY, for Defendant in Error.

BREESE, J. If the plaintiff in this action had been evicted from the land after his crops were planted, their value, as they stood at the time of the eviction, would be the measure of the damages. In every case where the action is for the breach of a contract, and no special damages are stated in the declaration, as in this case, the plaintiff is confined in his recovery to such damages only as naturally arise from the breach complained of; but if the damages claimed do not naturally arise from that fact, they cannot be recovered, unless they are particularly stated in the declaration, and not then if they are not proximate. *Armstrong* v. *Percy*, 5 Wendell, 538; 1 Ch. Pl. 395–6.

Now in this case, the plaintiff had planted no crops, and only partially prepared for a crop, by breaking up a part of the land demised. The evidence shows that he was suffering the season to pass by for preparing and pitching his crop, he himself being engaged in hauling trees for other persons, by which he was making three dollars per day. He was violating his contract with the defendant, in thus neglecting, at the proper time, to pitch his crops, and for such neglect the defendant was justified in refusing the team he had agreed to furnish.

For the work he did do, he was compensated by the use of the house during all the term for which the land was leased.

But if the defendant was not justified in taking the land from him, having stated no special damages in his declaration, he can recover only such damages as naturally arise from the eviction, and they must be proximate, not speculative, fanciful or remote. He may never have planted the land—he might not cultivate it after it was planted—the yield might, by scanty cultivation, have produced but a small crop ; and by his neglect, in not repairing the fence, about which complaint was made, the crop might have been wholly destroyed. The consequential loss he was allowed to prove on the trial, was too remote and speculative to come within any established rule on the subject, and the case cited from 16 Ill. 522, does not apply.

General damages are such as the law implies, and presumes to have accrued, from the wrong complained of. Special damages are such as really took place, and are not implied by law. 1 Ch. Pl. 395. In this case, the law cannot necessarily imply that the plaintiff sustained damage by the act complained of, and therefore it is necessary and essential that the declaration should show with particularity the resulting damage.

It is a rule of pleading, wherever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent surprise on the defendant, the plaintiff must state the particular damage he has sustained, or he will not be permitted to give evidence of it. 1 Ch. Pl. 396 ; *Furlong* v. *Polleys*, 30 Maine, 491.

In all such cases of contract, the measure of damages is the actual loss sustained by plaintiff, on account of the failure by the defendant to comply with his contract. The loss of probable profits constitutes no part of the damages. *Taylor* v. *Mc Guire*, 13 Missouri, 517.

Sedgwick, in his treatise on the Measure of Damages, says : " In all cases growing out of the non-performance of contracts, and in those of the infringement of rights, or the non-performance of duties created or imposed by law, in which there is no element of fraud, willful negligence or malice, the compensation recovered in damages, consists solely of the direct pecuniary loss. Pages 36, 37.

And to this effect are all the books. No indirect loss is taken into the account. *Watson* v. *The Ambugate, Nottingham and Boston Railway Co.*, 3 Eng. L. & E. R. 497.

A case, in principle very like this, is found in 26 Eng. L. & E. 398, *Hadley and another* v. *Boxendale*, where a common carrier contracted with a miller to carry, for hire, two pieces of iron, forming the broken shaft of a grist mill, and deliver the same to an artificer, to serve as a model for a new one. A shaft be-

ing indispensable to the working of the mill, and the miller not having another, the mill necessarily remained idle until the new shaft could be supplied, but of this the carrier was not aware. He did not deliver the iron to the workman within a reasonable time, and a delay having consequently arisen in the delivery of the new shaft, the carrier was sued by the miller for a breach of his agreement to deliver in a reasonable time. The court held, the plaintiff could not recover, as damages, the loss or profits incurred by the stoppage of the mill for the want of the new shaft. The case of *Hamlin* v. *The Great Northern Railway Co.*, 38 Eng. L. & E. 335, is to the same effect.

We do not think, on the testimony, any case was made, in which more than nominal damages should be recovered by the plaintiff. He did not lose the profits of his time by losing the use of the land, and the rent of the house would seem to be sufficient compensation for all the labor he did on the land.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*