### LINDLEY *v.* DEMPSEY.

DAMAGES.—*Pleading.*—Special damages cannot be recovered in an action for the breach of a contract, unless they are alleged in the complaint. In the absence of such allegations, the plaintiff is limited in his recovery to such damages as naturally arise from the breach of the contract.

INSTRUCTIONS.—*Appeal.*—When the pleadings show that no evidence could have been admitted which would have rendered proper an instruction which was given, the judgment will be reversed by the Supreme Court, although the evidence be not in the record.

From the Hamilton Circuit Court.

*D. Moss* and *F. M. Trissal,* for appellant.

BUSKIRK, J.—This action originated before a justice of the peace, and was instituted by the appellee to recover from the appellant damages alleged to have been sustained by a breach of contract. The material allegations of the complaint were these: That in the month of July, 1871, the plaintiff contracted with the defendant to sow wheat on forty acres of ground, on the farm of the defendant, during the fall of that year; that the defendant was to furnish him with a team, farming implements, and seed, for the purpose of seeding said ground; and the plaintiff was to give the defendant one-third of the crop of wheat when the same was harvested and threshed; that, in pursuance of said contract, he entered upon the premises of the defendant, plowed, and

Lindley *v.* Dempsey.

broke up about twenty acres of ground, preparatory to sowing the wheat, when the defendant refused to furnish him with a team or farming implements, and refused to allow him to proceed with the fulfilment of his contract, but in violation of his contract, and the rights of the plaintiff, entered upon the said ground and appropriated to his own use the labor of the plaintiff; whereby the plaintiff has been damaged in the loss of his crop of wheat in the sum of one hundred and seventy-five dollars. For which sum judgment was demanded.

The second paragraph was for work and labor done at the defendant's request, of the value of one hundred dollars.

There was judgment in the justice's court in favor of plaintiff in the sum of thirty-two dollars and thirty cents, from which the defendant appealed to the circuit court, where he answered in two paragraphs; first, the general denial; the second was by way of cross complaint, claiming damages against the plaintiff resulting from a want of proper care of the team, farming implements, and other property entrusted to him by the defendant, in part performance of the contract set out in the complaint; that the plaintiff violated the terms of said contract by his carelessness and neglect in the care, treatment, and management of a certain mare, of the value of two hundred dollars, entrusted to him for the purpose of performing the labor undertaken; by reason of which want of proper care, neglect, etc., the said mare became sick and died, to the damage of the defendant in the sum of two hundred dollars.

The cause was submitted to a jury for trial, and resulted in a verdict for plaintiff of twenty-eight dollars and fifty-nine cents. The court overruled a motion for a new trial, and rendered judgment on the verdict.

The reasons for a new trial were the giving of a certain instruction, and the exclusion of competent evidence.

The instruction complained of was as follows: "2. Under the first paragraph of the complaint, if the plaintiff has proven by a preponderance of all the evidence that he did

make a contract with the defendant, by which contract the defendant was to furnish ground, wheat, seed, teams, and tools, with which to cultivate and harvest the crop of wheat, and that at threshing time the defendant was to have two-thirds of the wheat in the bushel, and the plaintiff was to have one-third of the wheat in the bushel as a compensation, or reward for the labor he was to perform in the cultivation and harvesting of the wheat and doing and performing what work he was to perform about the wheat crop; and that after making the contract, the plaintiff entered upon the work, and did a part of the work of preparing the ground for the wheat crop, and before completing the work he was to do maturing the crop, the defendant, by his act, refused to permit the plaintiff to complete the crop, and to do all the work the plaintiff had engaged to do, and the defendant then appropriated whatever of work the plaintiff had done; the plaintiff will be entitled to recover for his work done upon the contract and appropriated by the defendant; and the measure of his damages will be what the work done by him was worth under the contract made by him with the defendant. To illustrate: If the evidence shows you that the plaintiff's interest in the crop would have been worth, if the plaintiff had done all the work he contracted to do, the sum of three hundred dollars to him, and that the plaintiff did one-fourth of the work which he was to do, then he is entitled to one-fourth part of the three hundred dollars; and if he did one-half the work, then he is entitled to one-half of the three hundred dollars."

The evidence is not in the record, but we can readily see from the averments in the complaint, that no evidence could have been admitted which would have rendered the instruction proper. The principal objection urged to the instruction is, that there being no special damages stated in the complaint, the plaintiff was confined in his recovery to such damages only as naturally arise from the breach complained of, and that if the damages claimed do not naturally arise from that fact, they cannot be recovered, unless they are particularly

Lindley *v.* Dempsey.

stated in the complaint; and not then, if they are not proximate. We think the objection is well taken. The general averment in the complaint, that the plaintiff had been damaged in the loss of his crop, does not comply with the rule which requires that special damages shall be particularly stated in the complaint. In the absence of such allegations, the plaintiff was limited in his recovery to such damages as naturally arose from the breach of the contract, which would have been the value of the work done in part performance of the contract. The views expressed are fully sustained by the authorities. 1 Chit. Pl. 395–6; *Armstrong* v. *Percy*, 5 Wend. 535; *Olmstead* v. *Burke*, 25 Ill. 86; *Furlong* v. *Polleys*, 30 Maine, 491; *Taylor* v. *Maguire*, 13 Mo. 517; *Lentz* v. *Choteau*, 42 Pa. St. 435; *Fleming* v. *Beck*, 48 Pa. St. 309; 3 Pars. Con. 189, *et seq.; Watson* v. *The Ambergate, etc., Railway Co.*, 3 Eng. L. & Eq. 497; *Hamlin* v. *The Great Northern Railway Co.*, 38 Eng. L. & Eq. 335.

In *Olmstead* v. *Burke, supra*, it is said that " it is a rule of pleading, wherever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent surprise on the defendant, the plaintiff must state the particular damage he has sustained, or he will not be permitted to give evidence of it."

General damages are such as the law implies or presumes to have accrued from the wrong complained of. Special damages are such as really took place and are not implied by law. 1 Chit. Pl. 395. In the present case, the law could not necessarily imply that the plaintiff had sustained damage by the act complained of beyond such as reasonably and naturally resulted, and therefore it was necessary and essential that the complaint should have shown with particularity the resulting damage.

The instruction was wrong upon another ground. The jury were told that the plaintiff was entitled to recover the same damages as though he had performed all that he was required by the terms of the contract to do. Conceding, without deciding, that the true measure of damages, in case

special damages are alleged, would be his share in the profits, or the value, of the wheat raised, there should be deducted from such amount the reasonable value of the labor which the plaintiff was required to but did not perform, in sowing and harvesting the wheat. *Clark* v. *Marsiglia*, 1 Den. 317.

In our opinion, the court erred in giving the instruction complained of, for which error the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded for a new trial in accordance with this opinion.