### H. & T. C. R. R. Co. v. T. B. Hogg.

(No. 335.)

LIABILITY OF COMMON CARRIER.— Where property intended for sale is placed in the hands of a public carrier for shipment, and is unreasonably delayed, it is universally accepted, as a general rule, that the measure of damages is the difference between the market value of the property when it should have arrived, and the market value when, in fact, it is delivered; and to the full extent of this difference the carrier is liable for delay in the transportation of the property.

DAMAGES, RULE FOR.— If, for particular or special reasons, the shipper desires the transportation of his property to be hastened, as where he had contracted to sell the same at a given price to be delivered at a given time, and informs the carrier of that fact, if the carrier, after being informed of such facts, accepts the property for transportation, and by negligence delays the same, so

that the shipper could not deliver it at the time he had contracted, then the rule as stated above would not be the measure of damages. In such case the true rule is that the carrier is liable for whatever the owner had lost by reason of the failure to deliver in time.

AGENCY.— The consignor can select at will his agent or consignee, and when such consignee or agent receives the property it is equally clear that the carrier's responsibility ceases. The fact that the consignee or agent is also the agent of the carrier does not in the least affect the question; for when he receives the property he thereafter holds it as the agent of the consignor, and not as the agent of the carrier.

APPEAL from Navarro county. Opinion by WATTS, J.

STATEMENT.— This is a suit brought by the plaintiff, T. B. Hogg, against the defendant, the Houston & Texas Central Railroad Company, for damages resulting from the loss of a quantity of fruit trees shipped by the plaintiff on defendant's road; said loss being occasioned, as alleged by plaintiff, by the negligence of defendants in forwarding said trees and in delivering the same to the plaintiff's agent at their place of destination. The record discloses the following facts, about which there is no controversy:

That the plaintiff, in May and June, 1874, being the owner of a nursery and engaged in selling young fruit and ornamental trees, made a contract of sale of a large amount of said trees to various parties in Hill county; the said trees were to be delivered to the purchasers at Hillsboro, in Hill county, on the 24th of December, 1874. The nursery of the plaintiff was situated near Brenham, in the county of Washington, and Hillsboro, where said trees were to be delivered, is some forty miles from Corsicana, the nearest depot on the line of the defendants' railway. In pursuance of his contract plaintiff caused the bill of trees for the Hill county parties to be prepared for shipment, and the same, packed in three cases and one bale, were delivered to the defendants' agent for shipment at Brenham, on the 12th of December, 1874, the charges, $17, being prepaid, and the receipt of the said agent being taken therefor. It is claimed

by the plaintiff that this shipment was not delivered to him until the 28th of December, 1874, more than two weeks after they were shipped at Brenham, and four days later than the time they were to be delivered to the purchasers in Hill county.

The responsibility for this delay was one of the main points in controversy in the court below. The case was tried November 22, 1875, and resulted in a verdict and judgment for the appellee for $866.50, which is before the court by appeal. The errors assigned will be sufficiently noticed in the opinion.

OPINION.— The appellant objects to the charge of the court with respect to the measure of damages, and also the admission of certain evidence as to the contract price of the fruit trees, damages to which is the subject-matter of this litigation.

Where the property is intended for sale, and the carrier unreasonably delays the same, it is universally accepted, as a general rule, that the measure of damages is the difference between the market value of the property when it should have arrived, and the market value when, in fact, it was delivered; and to the full extent of this difference the carrier is liable for delay in the transportation of the property. And such is the rule of damages that in the absence of special facts must be held to have been in the contemplation of the parties at the time of the shipment. Sissons v. The Railroad, 14 Mich., 488; Vicksburg, etc., R. R. v. Ragsdale, 46 Miss., 458; Ingledow v. The Railroad, 7 Gray, 86; Weston v. The Railway, 54 Me., 376; Peet v. The Railway, 20 Wis., 594.

However there may be, and doubtless are, cases of frequent occurrence, in which the shipper may, for special or particular reasons, desire the transportation of his property to be hastened, as where he had contracted to sell the same at a given price, to be delivered within a designated time. And if the carrier, after being informed of such facts, ac-

cepts the property for transportation, and by negligence delays the same, so as that the shipper could not deliver it in the time he had contracted to do, then the rule as stated above would not be the measure of damages. In such cases the true rule is that announced in Deming v. The Railroad, 48 N. H., 455, which is, in effect, that the carrier is liable for whatever the owner had lost by reason of the failure to deliver in time; and this loss is generally the difference between the contract price and the market value of the property at the time it was delivered. To authorize a recovery for such damages as are special and not the natural consequences of the delay, the shipper or owner must aver and show the facts and notice thereof by the carrier at the time of the shipment. Furlong v. Polly, 30 Me., 491; Lindley v. Dempsey, 45 Ind., 246; De Forrest v. Lute, 16 John., 122; Olmstead v. Burke, 25 Ill. 86; Vicksburg, etc., R. R. v. Ragsdale, supra.

In this case the appellee sought to recover special damages on the ground that he had contracted the fruit and ornamental trees at a certain price to parties in Hill county, to be delivered by a given time, and that by reason of the delay in the transportation thereof by the appellant, he was prevented from delivering the trees within the time, and that the parties, when tendered, refused to take the same, whereby nearly the entire lot became a total loss to him. There is nothing in the record showing or tending to show that the appellant or its agent had any notice of these facts at the time the packages were received for shipment, or, in fact, at any other time prior to the institution of this suit.

Upon the trial the court, over the objections of appellant, permitted the introduction of evidence tending to establish the said facts, from which it is claimed the special damages arose; and the court so charged the jury, as to the rule of damages to be applied in the case, as to authorize them to consider and act upon the special facts, in estimating the amount of appellee's damages, and, therefore, allowed the appellee damages which were not the ordinary sequence of

the delay, and, therefore, not to be taken as within the contemplation of the parties at the time of the shipment.

Obviously, the court erred in the ruling and charges complained of, and that these errors resulted injuriously to appellant upon the trial below is apparent.

In the absence of notice upon the part of the company, at the time of the shipment, of the existence of the special facts asserted in appellee's pleadings, and to which his evidence was directed, the true measure of damages would be the difference between the market value of the property at Corsicana, at the time it should have arrived, and its market value at the time it was delivered. And if, upon another trial, it is shown that the company was notified of these special facts at the time of the shipment, then the measure of damages would be the difference between the contract price, that is, the price appellee was to receive from the Hill county parties, and the market value of the property at Corsicana at the time of its delivery at that place. Again it is shown that the property was transported to, and arrived at, Corsicana in the usual and ordinary time, and was held from the 16th to the 27th of December without any notice of its arrival being given to appellant, or any attempt being made to give such notice. It is claimed that under such facts the company held, and were responsible for, the property as common carrier, and liable as such. If these were the facts, the rule of law as contended for is correct. P. D., art. 455; H. & T. C. R. R. Co. v. Adams, 49 Tex., 748.

It is claimed by appellant that the appellee caused the property to be consigned to the care of the railroad agent at Corsicana, and that when it reached that place and was unloaded that it was no longer held by the company, but that it was thereafter held by the agent of the appellee, Watson, witness for appellee, testified that the packages were marked "T. B. Hogg, Hilsboro, care R. R. Agent, Corsicana." Appellee's attorneys, in their brief, claim bills of lading fail to show it.

The consignor can select his agent or consignee; and when such agent or consignee receives the property, the carrier's responsibility ceases.

And the fact that the consignee or agent is also the agent of the carrier does not affect the question, for when he receives the property he therefore holds it as the agent of the consignor and not as agent for the carrier. See Price v. Oswego R. R. Co., 58 Barbour (N. Y.), 599; Mobile & Girard R'y Co. v. Prewitt, 46 Ala., 63; McErwin v. G. M. & S. R. R. Co., 33 Ind., 368. If upon another trial it appears that the railroad agent at Corsicana was the consignee or agent of the consignor with respect to said shipment, then the company would not be liable for any delay in delivering the property after its arrival at Corsicana, that is, after it reached the possession of such agent.

REVERSED AND REMANDED.