## THE C. J. L. MYER & SONS CO.

v.

## ISAAC DAVIES.

BUILDING CONTRACT.—In order to recover damages which are not the necessary result of the breach of a contract or a tort, they must be specially set out in the declaration. The court is of opinion that the delay of the men, and the payment by plaintiff to the men during that delay, can not be regarded as a necessary result of the defendant's breach of the contract.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed November 25, 1885.

This was an action by appellee, Davies, against the appellant corporation, to recover damages for the breach of an alleged contract, whereby the latter undertook to cause to be made for the former and to deliver to him at a certain building, which plaintiff, as contractor with one W. E. Rollo, was constructing, the doors, sash and blinds for such building. The declaration contained several special counts upon the contract, in some of which a specified time for the delivery was averred; and, in others, it was averred that such delivery was to be in a reasonable time. The only special damages set out in any count was that plaintiff had promised said Rollo to complete the building within a specified time, and that if he failed he was to pay Rollo as damages, fifteen dollars per day, during the time of such failure, of which it was averred the defendant had notice at the time of the contract.

On the trial before the court and jury, the plaintiff gave evidence tending to prove the contract a breach, and some items of general damage, or damage which might be considered as to the natural and necessary consequence of such breach, but which would amount to only about $56. Then, in order to prove special damage, the court permitted the plaintiff, against the objection of the defendant, to prove that he had twenty-four men employed on the building in question;

C. J. L. Myer & Sons Co. v. Davies.

that these men were delayed three weeks in consequence of the defendant's failure to furnish said doors, sash and blinds, and to prove the wages he paid them respectively during said delay. No such special damages were set out in either count of the declaration. Nor was there any evidence which tended to show that any such special damage was within the contemplation of the parties at the time of making the alleged contract sued upon.

The court, of its own motion, gave to the jury the following instructions :

" The court instructs the jury that if they believe from the evidence that the defendant company agreed to and with the plaintiff to furnish certain material for houses he was then building, within a certain specified time, and that without the fault of the plaintiff, the goods or materials were not delivered within the specified time, and that by reason of such failure to deliver said materials, the plaintiff sustained damage ; and if you further believe from the evidence that the plaintiff could not have bought these goods elsewhere and on as favorable terms, and avoided any damage by reason of said alleged delay, then you may find for the plaintiff such damage as you find from the evidence he has sustained.

" If jury believe from the evidence that the defendant contracted with the plaintiff to furnish certain materials for the houses the plaintiff was then building, and that there was no time agreed upon within which the said materials were to be furnished, then the court instructs you that the contract was to deliver within a reasonable time, and the jury are to determine, from the evidence and the circumstances of the case what was a reasonable time.

" If you believe from the evidence that the materials were delivered within a reasonable time, then there can be no damage allowed for any alleged breach of the contract.

" If the the jury believe from the evidence that the materials were not delivered in a reasonable time, and that the plaintiff did not cause such delay, and that the plaintiff has shown that it was not in his power to buy said materials elsewhere, and on as favorable terms, and thus complete his

contract in time, then you will find for the plaintiff and award him such damage as has been shown by the evidence, if any."

To the giving of which defendant's counsel duly excepted. The jury found for the plaintiff, and assessed his damages at $289.87; and the court overruling the defendant's motion for a new trial, gave judgment on the verdict from which the latter brought this appeal.

Messrs. SHUMAN & DEFREES, for appellant; as to damages, cited Snell v. Cottingham, 72 Ill. 161.

Mr. JOHN BARTON PAYNE and Mr. J. V. A. WEAVER, for appellee; cited Field on Damages, 237; Stewart v. Power, 12 Kan. 600; 2 Sutherland on Damages, 397; Tobey v. Price, 75 Ill. 648.

McALLISTER, J. It is well settled law, that in order to recover damages which are not the *necessary* result of the breach of a contract or a tort, they must be specially set out in the declaration. Olmstead v. Burke, 25 Ill. 86; City of Chicago v. O'Brennan, 65 Ill. 160; Bristol Manufacturing Co. v. Gridley, 28 Conn. 201; Warner v. Bacon, 8 Gray, 397; Hunter v. Stewart, 47 Maine, 417. The elementary rule is this: "But where the damages, though the *natural* consequences of the act complained of, are not the *necessary* result of it, they are termed special damages; which the law does not imply, and therefore in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them on the trial." 2 Greenlf. on Ev., § 254; Teagarden v. Hetfield, 11 Ind. 522.

The delay of twenty-four men for three weeks, and the payment by the plaintiff to those men during that delay, can not be regarded as a *necessary* result of the defendant's breach of the contract, if a *natural* one; so that the damage was special. And if such damage was recoverable at all, it was indispensable that it should have been particularly specified

in the declaration. But it was not, and the court not only admitted evidence of such special damages, but in the instructions given to the jury, in effect directed them if they found the contract was made, a breach of it by the defendant, and that plaintiff was unable to purchase the same kind of materials elsewhere, then the jury might allow the plaintiff such damages as they found from the evidence he had sustained. It will be observed, that neither of the instructions contained any hypothesis, as to whether any of the consequential special damages sought to be shown by the plaintiff's evidence, were to be considered as within the contemplation of the parties, at the time of the contract. In that particular also, the instructions were defective and misleading. Olmstead v. Burke, *supra ;* Goodkind v. Rogan, 8 Bradwell, 413.

We are of opinion that the court erred in the admission of testimony in giving instructions, and overruling defendant's motion for a new trial, for which errors the judgment must be reversed and the cause remanded.

Judgment reversed.