## West Chicago St. R. R. Co. v. Emanuel Levy.

1. STREET CAR COMPANIES—*Reciprocal Rights of Persons in the Streets.*—All persons have the lawful right to drive in the car tracks, subject only to their duty of exercising due care to avoid undue interference with the reciprocal right of the company, and to avoid collisions, and while so driving, the law guarantees to them protection against such a negligent operation of the tracks by the company, as inevitably leads to their injury.

2. ORDINARY CARE—*A Question of Fact.*—Whether a person driving in a street occupied by street car companies, is in the exercise of ordinary care, under the circumstances of the situation, for his own safety, is a question of fact for the jury.

3. JUDGMENTS—*Preponderance of Evidence Not Sufficient to Reverse.*—The mere preponderance of evidence in respect to numbers, and in opportunities for seeing the things about which they testify, is not enough to justify the reversal of a judgment.

4. SPECIAL DAMAGES—*Particularity in Pleading.*—Special damages are such as really take place, but are not implied by law; are either superadded to general damages arising from an act injurious in itself or are such as arise from an act not actionable in itself, but injurious in its consequences.

5. SAME—*Reasons for Requiring Particularity in its Pleading.*—The reason or ground for requiring particularity in the statement of special damages, in order to entitle the plaintiff to give evidence thereof, is to avoid surprise to the defendant.

6. SAME—*Allegations of, When Unnecessary.*—Injuries to particular parts of the body do not require to be specially set forth in the declaration in an action for personal injuries, and evidence supporting them may be shown as natural results following upon, or flowing from, the general injury set forth.

7. ATTORNEYS—*Improper Conduct to be Excepted to.*—The question of the conduct of counsel during the trial can not be raised in the Appellate Court as a reason for reversing the judgment where no ruling of the trial court upon the same was had and exception taken.

MR. JUSTICE HORTON:

8. PLEADING—*Special Damages.*—Whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, in order to prevent surprise on the defendant, the plaintiff is required to state the particular damage he has sustained, or he will not be permitted to give evidence of it.

9. SAME—*Allegations of Special Damages.*—Where the damages, through the natural consequences of the act complained of, are not the necessary result, they are termed special damages, which the law does

not imply, and to prevent a surprise upon the defendant they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them on the trial.

**Action for Personal Injuries.**—Trial in the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Mr. Justice Horton dissenting. Opinion filed April 11, 1899.

Alexander Sullivan, attorney for appellant; John B. Brady, of counsel.

Only general damages, or such damages as necessarily and ·naturally result from the act complained of, can be proved under a general allegation of damages. Sutherland on Damages, Vol. 1, page 763.

Special damages are such damages as may naturally, but do not necessarily, result from the act complained of, and such damages have to be specially pleaded in order to admit evidence in proof. Sutherland on Damages, Vol. 1, page 763; Chitty on Pleadings, Vol. 1, star page 397; Olmstead v. Burke, 25 Ill. 86; Shipman's Common Law Pleading, (2d Ed.), 489–90.

Whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then in order to prevent surprise on the defendant which might otherwise ensue on the trial, the plaintiff must in general state the particular damage ·which he has sustained, or he will not be permitted to give evidence of it. Chitty on Pleadings, Vol. 1, star p. 397.

It is a rule of pleading, whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then in order to prevent surprise the plaintiff must state the particular damage he has sustained, or he will not be permitted to give evidence of it. Olmstead v. Burke, 25 Ill. 86; Furlong v. Polleys, 30 Maine, 491; Miles v. Weston, 60 Ill. 364.

When the damage to be laid is the necessary and proximate consequence of the act complained of, the law presumes it to have resulted from that act and it is sufficient

to describe it in general terms, for the reasons that the presumptions of law are not in general to be pleaded as facts. But when the law does not necessarily imply that the plaintiff sustained damage by the act complained of, it is essential to the validity of the declaration that the resulting damage, called special damage, be shown with particularity. Such damages are what really took place, though not implied by law, and are either superadded to general damages arising from an act injurious in itself, or such as arise from an act different and not actionable in itself, but injurious in its consequences. Shipman on Common Law Pleading, page 489.

JOHN F. WATERS, attorney for appellee.

Improper remarks of counsel, made to equally improper remarks of opposing counsel, are not grounds for reversal. N. Y. Cen. R. R. Co. v. Lubeck, 41 N. E. Rep. (Ill.) 897.

Improper remarks of counsel are not to be considered, unless a specific objection was made and an exception saved at the time. Ill. Cent. R. R. Co. v. Cole, 46 N. E. Rep. (Ill.) 275.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Appellee recovered in the Circuit Court a verdict and judgment for $10,000, for alleged personal injuries. He was driving north in the car tracks of the appellant along and upon Robey street, in Chicago, and was overtaken by an electric car moving in the same direction, and operated upon the same tracks in which he was driving, and in the collision that ensued, the injuries complained of were suffered.

Much argument has been expended, and, considerable evidence was heard, upon some circumstances which are altogether immaterial, except, perhaps, as affecting the credibility of witnesses who testified in behalf of appellee, and we will spend no time in magnifying their importance by a discussion of them.

Appellee had the lawful right to drive in the car tracks whether the snow that was on the ground was deep or not, subject only to his duty to exercise due care to avoid an undue interference with the reciprocal right of appellant, and to avoid a collision, and while so driving, the law guaranteed him protection against such a negligent operation by appellant of the tracks as would inevitably lead to his injury.. N. C. S. R. R. Co. v. Zeiger, 78 Ill. App. 463.

Whether, being in the tracks, he exercised ordinary care in an attempt to drive off and avoid being struck by the approaching car after he knew, or had reason to know it was coming, or, in other words, was in the exercise of ordinary care, under the circumstances of the situation, for his own safety, was a question of fact for the jury.

The theory of the appellant, at the trial and here, is that appellee was at first driving in the parallel track, and upon the approach of the car suddenly turned out of that track into and upon the one along which the car was moving, and that this was done so suddenly and unexpectedly that the motorman was unable to prevent the collision, although he made every effort to do so.

The evidence in support of such theory, and that relied upon in support of appellee's theory that he was driving, from the first, in the tracks upon which he was struck, is absolutely conflicting and irreconcilable. In numbers, and perhaps in opportunities for seeing, the preponderance seems to be with the appellant, but mere preponderance in such respects is not enough to justify the reversal of a judgment.

Numerous other elements that are not visible to us were before the jury and trial judge, from which to determine where the truth lay, and their determination in such respect must be final, where, as here, we can not say they were clearly wrong.

The declaration alleges that " By means of the premises plaintiff was then and there severely and dangerously cut, bruised, wounded and injured, both internally and externally. And plaintiff's back and spine and brain were

thereby, then and there severely and dangerously and permanently injured, and divers bones of his body, arms and limbs were then and there and thereby fractured and broken, and plaintiff was otherwise severely, dangerously and permanently injured both internally and externally. That on account of said injuries caused as aforesaid, plaintiff became sick, sore, lame, disordered and injured, and so remained for a long space of time, during which said time he suffered great bodily pain and mental anguish, and still is languishing and intensely suffering in body and in mind, and in future will continue to suffer from the effect of said injuries for the rest of his natural life."

It is insisted by appellant that the declaration is not, in such respects, sufficient to permit, as was done, evidence of injury to the eyes of appellee, in the particular that atrophy of the optic nerve and a loss of two-thirds the power of sight, had ensued as a consequence of the accident. And it is argued that evidence of such injury is evidence of special damage which needs to be specifically set up in the declaration in order that proof thereof may be admitted. Chitty on Pleading (Vol. 1, star page 395, Ninth Am. Ed.), says:

" Damages are either general or special. General damages are such as the law implies or presumes to have accrued from the wrong complained of. Special damages are such as really took place and are not implied by law, and are either superadded to general damages arising from an act injurious in itself; * * * or are such as arise from an act indifferent and not actionable in itself, but injurious only in its consequences."

The reason or ground for requiring particularity in the statement of special damages, or such as are not implied by law, in order to entitle the plaintiff to give evidence thereof seems to be to avoid surprise to the defendant. Olmstead v. Burke, 25 Ill. 86.

There is an extensive review of authority in this State, in C. & E. R. R Co. v. Meech, 163 Ill 305, as to when proof of loss of profits or earnings may, and when it may not, be made under a general averment of plaintiff having been hindered and prevented from attending to and transacting

his ordinary business and affairs, as the immediate result of injuries received, and the rule there announced, as deducible from the cases reviewed, was restated in Chicago City Railway Co. v. Anderson, 80 Ill. App. 71. It has also been lately applied by the Supreme Court in N. C. St. R. R. Co. v. Brown, 178 Ill. 187.

We apprehend the principle is the same in this case. Here was the general averment of bodily injuries suffered by appellee, already quoted, and we think it was all that was required to entitle the appellee to show the injury to a particular part of his body, to wit, his optic nerve. We fail to comprehend why an injury to the nerve of his eyes should be required to be specially set forth in the declaration with more particularity than the injury to other nerves which caused the persistent vomiting that appellee suffered, concerning which complaint is not made.

It seems to be plain enough that such injuries to particular parts of the body do not require to be specially set forth in the declaration, but that evidence supporting them may be shown as natural results following upon or flowing from the general injury set forth.

Tyson v. Booth, 100 Mass. 258, was an action of tort for shooting the plaintiff. The evidence tended to show that one of the shots received by the plaintiff lodged upon or near the optic nerve of his right eye, ultimately destroying its power of sight, and that other shots lodged in other parts of his body, and that shot so lodged as some of them were, and pressing upon a nerve, might so affect the nervous system as to produce convulsions or fits, such as was shown the plaintiff suffered from. And it was held that without alleging special damages in his declaration the plaintiff might prove that he became subject to fits as a result of the assault. It may be properly added, that the statutes of Massachusetts have not changed the common law rule, that under a general allegation of damage a recovery may be had for all damages which are the natural or necessary consequences of the cause of action set forth in the declaration; and that it is only when special or peculiar damages are

claimed that it is necessary to aver them specifically. Prentiss v. Barnes, 6 Allen, 410.

Appellee not having seen fit to furnish any aid to us upon this point, we will not pursue it further, although it is quite likely that more direct authority upon it may exist in this State than we have been able in our hurried examination to place hand upon.

Appellee's seventh instruction was in part as follows:

"If you find for plaintiff you will be required to determine the amount of his damages. In determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should, take into consideration all the facts and circumstances in evidence before them; the nature and extent of plaintiff's physical injuries, if any, testified about in this case, so far as shown by the evidence; his suffering in body and in mind, if any, resulting from such injuries, and such future suffering and loss of health, if any, as the jury may believe from the evidence before them in this case, he will sustain by reason of such injuries."

The part of the instruction quoted is almost identical with one that was approved in H. & St. J. R. R. Co. v. Martin, 111 Ill., on page 232, and, again, in Chicago City Ry. Co. v. Taylor, 170 Ill., on page 57, and consequently it is not subject to the criticism urged against it, concerning mental pain.

The modification by the court of appellant's twenty-eighth instruction was rendered necessary because the instruction as tendered, assumed as a fact, either conceded or conclusively proved, that appellee was run into when attempting to cross the tracks in face of the approaching car. We have already said that whether appellee was attempting to cross the tracks in face of the moving car, or was driving along the track and when run into was attempting to get off, constituted a vital point in the different theories of the parties upon which the case was tried.

As to the instructions asked by appellant which were refused by the court, we must stand content with saying we discover no injurious error in regard to their refusal, and will not go into a consideration of them in detail.

West Chicago St. R. R. Co. v. Levy.

We are not without suspicions that the appellee is not so permanently injured as he claims to be, and that the damages awarded are greater than they ought to be.

From the fact, however, that appellant's counsel voluntarily waived their right to argue the case to the jury, the inference is, they thought at the trial that but little could be said in mitigation of damages, if, under the instructions, (more than twenty for appellant), which were fully as favorable as the appellant was entitled to, the appellee was entitled to recover at all.

And, for anything that has been pointed out to us, or that is discoverable by us in this stage of the case, we know of no rule of law that will permit us to say the jury and trial judge erred in the amount awarded.

The conduct and remarks of counsel for appellee during the trial (not in closing argument), are urged upon us as a reason for reversing the judgment, but no ruling of the court was had and exception taken to the most objectionable matters.

There was a good deal of offensive horse-play indulged in in the presence of the jury, and some remarks to the court were made over his refusal, temporarily, to admit evidence, that might properly be called outrageous, if we felt that the able-bodied trial judge needed our protection in such respects, but such are not available as legal error.

We see no reversible error in the record, and therefore affirm the judgment. Affirmed.

Mr. Justice Horton, dissenting.

I can not concur in the above opinion. The object and purpose of pleading is to clearly settle and present a definite issue. To this end a declaration must state the cause of action with such definiteness that the defendant may be thereby advised as to what the plaintiff claims.

Plaintiff charges in the declaration that he was dangerously cut, bruised, wounded and injured, internally and externally; that his back, spine and brain were injured; that divers bones of his body, arms and limbs were frac-

tured and broken; and that he was otherwise severely, dangerously and permanently injured, both internally and externally; and that as a result, he became sick, sore, lame, disordered and injured, and suffered great bodily pain and mental anguish, and is still suffering intensely in body and mind and will the rest of his natural life. There is no averment as to any special injury.

Upon the trial appellee was permitted to prove, under this declaration, and against the objection of defendant, that after the injury complained of there was a tendency to atrophy of the optic nerve, and that his eyesight was impaired.

The atrophy complained of is a "wasting away of the optic nerve owing to defective nutrition." That is not a natural and necessary result of the act complained of. Indeed, it may be correctly stated that it is neither a usual, natural or necessary result of such act. And the declaration makes no charge that as a result of the injury complained of the optic nerve or the power of sight was in any manner affected. Not only is there no such averment in the declaration, but there is no proof that the optic nerve itself was injured. The wasting away was not the result of any injury to the optic nerve. That was caused by defective nutrition. What the cause of the defective nutrition was, I can not say from the proofs. But it seems to me to be conclusive, that, as the optic nerve was not itself hurt at the time of the injury complained of, that atrophy, if it resulted from such injury, was a special injury which must be specially pleaded.

In Olmstead v. Burke, 25 Ill. 86, which was an action of covenant, it is held, "general damages are such as the law implies, and presumes to have accrued, from the wrong complained of. * * * It is a rule of pleading, that whenever the damages sustained have not *necessarily* accrued from the act complained of, and consequently are not implied by law, then, in order to prevent surprise on the defendant, the plaintiff must state the particular damage he has sustained, or he will not be permitted to give evidence of it."

In City of Chicago v. Crooker, 2 Brad. (Ill. App.) 279, 283, which was an action for personal injuries, the same rule is stated in the same language. Adams v. Gardner, 78 Ill. 568, was an action to recover damages for injury to personal property. There (p. 570) the same rule is stated in the same language. Miles v. Weston, 60 Ill. 361, was an action of trespass to the person. The same rule is there again stated (p. 364) in language quoted from 1 Chit. Pl. 397. Myer & Sons Co. v. Davies, 17 Ill. App. 228, is an action to recover damages for the violation of a building contract. There the same rule is again announced, though not in the same language thus (p. 230):

" The elementary rule is this: But where the damages, though the natural consequences of the act complained of, are not the necessary result of it, they are termed special damages, which the law does not imply, and therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them on the trial. 2 Greenleaf on Ev., Sec. 254; Teagarden v. Hetfield, 11 Ind. 522."

To the same effect are: Chicago W. D. Ry. Co. v. Klauber, 9 Ill. App. 613, 620; Furlong v. Palleys, 30 Me. 493; 1 Sutherland on Damages, 763, and a large number of cases there cited.

The case of C. & E. R. R. Co. v. Meech, 163 Ill. 305, is not in conflict with the rule announced in the cases above cited. In that case the special damages are averred in the declaration, as hereinafter set forth. The question before the court in that case was not whether it is necessary that special damages must be particularly specified in the declaration, but whether the averments in the declaration in that case specified such special damages with such particularity as to entitle the plaintiff to make proof of same. That special damages must be specially pleaded seems to have been accepted by the court and all the parties to that case as being the correct rule.

The Meech case was heard in this court, and is reported in 59 Ill. App. 69. It is there stated (p. 72) that " The declaration in the case contained the usual averment as to

damages, but no allegation of special damages." This statement, as it seems to me, is incorrect. An examination of the files of this court in that case shows that in the first count of the declaration, after the usual averments as to physical injuries, it is charged that the plaintiff " has been prevented from attending to his usual business and avocation and earning and receiving large emoluments, which he otherwise would have earned and received, and will hereafter be prevented from attending to his usual business avocation and earning and receiving said emoluments." In the second count plaintiff's allegations as to damages are the same as in the first count.

In an additional count, after setting forth in the usual manner the physical injuries suffered by plaintiff, and stating his expenditures for medicine, nurses, etc., it is stated that " as the immediate result of said injuries plaintiff has heretofore been hindered and prevented, and will hereafter be hindered and prevented from attending to and transacting his affairs and business, and plaintiff has heretofore been and will hereafter be deprived of large gains and profits which he might otherwise, and would have acquired in said business."

Clearly, these are averments of special damages. Under them plaintiff was allowed to testify as to what he made per year in his ordinary business before he was injured, and how much thereafter. Had there been no averment of special damages, such testimony would not have been permissible. They were not the natural and necessary result of the injury. In the Supreme Court, the question under consideration was whether this averment of special damages was sufficiently definite to admit testimony as to plaintiff's loss by reason of being unable to attend to his usual business as a painter. The question was not as to whether such loss must be specially averred, but whether the special averment thereof was sufficiently definite to admit proof of such loss. No case is cited in which it has been held that testimony may be properly admitted and a recovery sustained for loss of business where there is no specific averment of any such loss. As stated by the Supreme Court in the Meech case,

ordinarily there need be "no allegations of special damages other than such as are contained in the declaration" in that case. That is a clear recognition of the fact that that declaration contained an averment of special damages. No "other" averment of special damages is necessary beyond this general one of inability to work at plaintiff's ordinary and usual employment or business.

The Supreme Court had just referred to the case of City of Chicago v. O'Brennan, 65 Ill. 160. In that case there was an averment that the plaintiff, "as a lawyer, lecturer and journalist  *  *  *  was incapacitated from attending to his business," but does not aver any loss on that account. Plaintiff in that case was permitted to give in evidence upon the trial the fact of particular engagements to lecture in Virginia and his estimate of the loss sustained by reason of his inability to meet such engagements. This was held to be erroneous. The discussion of that case and the cases there cited, presents pretty clearly the distinction between cases where general allegations of special damages are sufficient, and those cases where the facts upon which special damages are based must be set out in the declaration.

There is in the declaration in the case at bar no reference whatever to any injury to the optic nerve, nor even a general averment of any injury in any manner affecting the nerves of plaintiff. I can not see how any person, from reading said declaration, could gain the slightest idea that plaintiff was injured by the "wasting away of the optic nerve owing to defective nutrition."

There is here no attempt to show that atrophy of the optic nerve was "the natural consequence of the act complained of." It is certain that such atrophy is "not the necessary result" of such act. It is almost, if not quite, unknown as a result of a physical injury. In Myer & Sons Co. v. Davies, *ante* (17 Ill. App. 228), it is held that unless the damages are the natural and necessary result of the act complained of, "they are termed special damages  *  *  *  which must be particularly specified in the declaration or the plaintiff will not be permitted to give evidence of them on the trial." If the declaration in the case at bar is suf-

214    APPELLATE COURTS OF ILLINOIS.

VOL. 82.] Ry. Pass. & Ft. Conductors' Ben. Ass'n v. Leonard.

ficient to allow proof of such a condition of defendant, then the alleged object of a declaration, i. e., to so advise the defendant of plaintiff's claim as to prevent surprise, is a delusion and a snare. If the averments of this declaration are sufficient to justify proof of atrophy of the optic nerve, then, as it seems to me, the rule that special damages must be specially averred is no longer to be recognized. All that will hereafter be necessary in a declaration of this kind is to say that the plaintiff was "physically injured."

I concur with the majority of the court in the suspicion that the appellee is not injured to the extent claimed. I also concur in the view of the majority that the conduct of counsel for appellee "might properly be called outrageous." I am, however, of opinion that such suspicion would not have been so well founded if the testimony as to atrophy had not been improperly admitted.