# L. H. Bissel, Appellee, v. Eastern Illinois Utility Company, Appellant.

1. APPEAL AND ERROR—*waiver of assignment of error by failure to argue.* An assignment of error which is not argued by appellant will be held to have been waived.

2. EVIDENCE—*when ordinance admissible.* In an action by a citizen for damages against an electric lighting company for failure to furnish current for lighting purposes, the ordinance under which the company was operating was admissible in evidence to show its right to furnish electricity; what part of the distribution lines should be furnished by it; that it was required to and did accept the conditions of the ordinance; and that it was to maintain at all times, both by day and night, current for commercial lighting purposes at a standard of at least 110 volts.

3. EVIDENCE—*impropriety of question calling for conclusion of witness.* Where questions propounded to witnesses called for answers in the nature of conclusions and were specifically objected to, it was error to permit the witnesses to answer them.

4. ELECTRICITY—*inadmissibility of evidence of failure to furnish current and consequent damage.* In an action by the proprietor of a school against an electric company for damages from failure to furnish electricity for the school, it was error to permit plaintiff, over objection, to testify to interruptions of service without specifying the particular times when such interruptions occurred, and to state that he suffered damages by reason of such interruptions to the amount of $7,200.

5. PLEADING—*admission of evidence as to damage not alleged.* In an action for damages for failure to furnish electric current to a private school, it is error to permit plaintiff, over objection, to testify that the reputation of his school was damaged by defendant's failure to furnish proper service, when there was no allegation in the declaration that the reputation of the school had been damaged, such damages not being the natural consequence of interruption of lighting service.

6. ELECTRICITY—*inapplicability of res ipsa loquitur to damages caused by failure to furnish current.* The doctrine of *res ipsa loquitur* does not apply to an action for damages by the interruption of lighting service to plaintiff's premises, and plaintiff should show as a part of his case that the interruptions did not occur on account of defective wiring in his own plant.

7. ELECTRICITY—*instruction as to duty to furnish current.* In an action against an electric company for damages resulting from

its failure to furnish lighting service to plaintiff's premises, it is error to instruct the jury that it was defendant's duty to furnish a "continuous, constant and adequate supply of electricity," as defendant was required only to use all reasonable care to give adequate service.

8. ELECTRICITY—*instruction as to duty to furnish current.* An instruction, in an action for damages for failure to furnish electricity, that it was the duty of defendant to furnish plaintiff "the kind of electrical current necessary and proper for the conduct of his business" was erroneous in that it allowed the jury to determine the current needed by plaintiff without confining them to the character of current defendant was required by ordinance to furnish.

9. ELECTRICITY—*instruction as to measure of damages for failure to furnish current.* In an action for damages for failure to furnish electricity as required by ordinance, the measure of damages would be such as the evidence should show proximately followed as a result of defendant's failure to furnish the service required by the ordinance, and an instruction allowing the jury to take into consideration "the annoyance, inconvenience and loss of time caused by the failure to so furnish electrical current as provided in the ordinance," was erroneous.

10. ELECTRICITY—*instruction as to damages recoverable for failure to furnish current.* In an action for damages for failure to furnish electricity, *held* that the court did not err in refusing to give an instruction that plaintiff was entitled to recover only nominal damages as the evidence was sufficient to show substantial damages, if any.

Appeal from the Circuit Court of Effingham county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed July 8, 1921.

VAUSE & KIGER, for appellant; HARRY S. PARKER, of counsel.

G. F. TAYLOR, for appellee; W. S. HOLMES, of counsel.

MR. JUSTICE BOGGS delivered the opinion of the court.

This suit was brought by appellee against appellant in the circuit court of Effingham county to recover damages resulting from the alleged failure of appellant to furnish electricity to the colleges of appellee

according to the terms of an ordinance of the City of Effingham, which ordinance had been accepted by the appellant and under which it has been operating since June 14, 1917.

The declaration consists of two counts designated an original and additional count. Both counts alleged that appellant was operating what was known as Bissel's College of Photo Engraving and Illinois College of Photography, and was a user of electricity in his said business; that appellee had wires connected with the lines of appellant for the transmission of said electric current into his said buildings; that it was the duty of appellant to furnish appellee with the necessary and proper quantity of electricity to so operate said business and to light the same, and that the appellant had failed in this regard.

The first count alleges damages generally while the second count alleges that appellee lost the attendance of a large number of discharged soldiers and sailors as students in said colleges and lost the sum of $180 for photograph or photo engraving and $230 for three color work for each and every of said students. To said declaration appellant filed a plea of the general issue. A trial was had resulting in a verdict and judgment against appellant for $1,000. To reverse said judgment this appeal is prosecuted.

Appellee resides in the City of Effingham and conducts a college for the teaching of the art of taking photographs, reproducing the same on zinc plates for printing, and also in teaching the art of making photographs in colors. Appellant, The Eastern Illinois Utility Company, is an Illinois corporation, having its principal office in the City of Effingham, and is the owner of a distribution system in said city, whereby it is enabled to distribute and sell electricity for light, heat and power purposes.

It is first contended by appellant that the court erred in refusing to exclude the evidence and to direct

a verdict in favor of appellant at the close of appellee's evidence.   This assignment of error was not argued by appellant and is therefore held to be waived.

It is next contended by appellant that the court erred in its rulings on the evidence.   The court admitted in evidence over objection of appellant an ordinance of the City of Effingham, granting to appellant a franchise to maintain and operate a plant for the distribution, transmission and sale of electrical energy for electric lighting, heating and power purposes. Said ordinance, among other things, provided that appellant "shall make all outside connections for commercial lighting and power purposes  *  *  *  to connect with property to be wired free of charge to consumer.  *  *  *  Furnish all meters and transformers free of charge  *  *  *  no charge for meter rent is to be made."  Said ordinance further provides: "The current for such commercial lighting and power shall be kept and maintained at all times, both day and night, at a standard of at least 110 volts."   Appellant insists that this ruling of the court was reversible error for the reason it is contended that there was no privity of contract between appellant and appellee under this ordinance.   In support of this contention appellant cites numerous authorities.   An examination of these authorities will disclose that in the main they were suits brought by individual property owners against a water company to recover damages for failure on the part of the water company to furnish sufficient fire protection resulting in a loss to such property owner. The courts in this line of cases have held there was no privity of contract between the water company and the property owner, and that the property owner could not recover against the city for failure to furnish sufficient fire protection.   Said cases also hold that there could not be recovery against the water company as it was only the agent of the city.   If the city was not liable, then the agent, the water com-

pany, could not be liable. *Peck v. Sterling Water Co.*, 118 Ill. App. 533, and cases there cited.

The relation between appellee and appellant in this case is somewhat different from that of an individual property owner and a water company as in the cases cited. Here appellee is claiming damages for the alleged failure of appellant to furnish electricity for pay under the provisions of an ordinance, the terms of which appellant has accepted. At any rate we are of the opinion that the ordinance was properly admitted in evidence, at least for the following purposes: (1) to show the right of appellant to furnish electrical energy (2), to show what part of the distribution lines should be furnished by appellant, and (3), to show that appellant was required to and did accept the conditions of the ordinance. We are further of the opinion said ordinance was also competent for the purpose of showing that appellant was to maintain at all times, both day and night, current for commercial lighting purposes and maintain the same at a standard of at least 110 volts. The court did not err in admitting said ordinance in evidence.

It is next contended by appellant that the court erred in its rulings on the oral testimony offered in evidence by appellee. The court, over objection of appellant, permitted appellee's counsel to propound questions to his witnesses that called for answers in the nature of conclusions. Without going into these questions and answers in detail, it is only necessary to say that there were a long line of these questions and, as they were specifically objected to, it was error to permit the witnesses to answer the same.

It is further contended by appellant that the court erred in permitting appellee, over the objection of appellant, to testify to interruptions in the electrical lighting service at appellee's place of business without specifying the particular times when said interruptions occurred, and also in allowing appellee to

state over objection of appellant that he suffered damages by reason of such interruptions to the amount of $7,200. We are of the opinion that this assignment of error is well taken, especially in view of the form of the following question and answer: Q. "I will ask you how much you lost by reason of those forty students not coming to your school?" A. "$7,200." This question and answer permitted the witness to determine one of the very questions the jury were to pass upon. *Holmes v. McKennan*, 120 Ill. App. 320; *Big Lake Spec. Drain. Dist. v. Sand Ridge Highway Com'rs*, 199 Ill. 132; *City of Chicago v. Rosenbaum*, 126 Ill. App. 93. It should further be observed with reference to this question that it allows appellee to speculate on whether or not these forty students failed to come to his institution on account of the alleged failure of appellant to furnish electricity as provided in said ordinance.

It is next contended by appellant that the court erred in allowing appellee to testify, over objection of appellant, that the reputation of his school was damaged by the alleged failure of appellant to furnish proper service. There was no allegation in either count of the declaration that the reputation of appellee's school had been damaged. Damages of this character are not the necessary or even the natural consequence of interruptions in lighting service, and therefore are not recoverable unless specially pleaded. In the case of *West Chicago St. R. Co. v. Levy*, 82 Ill. App. 202, at page 210, the court says: "In *Olmstead v. Burke*, 25 Ill. 86, which was an action of covenant, it is held 'general damages are such as the law implies, and presumes to have accrued, from the wrong complained of.  *  *  *  It is a rule of pleading that whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent surprise on the defendant, the plaintiff must state the

particular damage he has sustained, or he will not be permitted to give evidence of it.' '' To the same effect is *City of Chicago v. Crooker,* 2 Ill. App. 279; *Adams v. Gardner,* 78 Ill. 568; *Miles v. Weston,* 60 Ill. 361; *Myer & Sons Co. v. Davies,* 17 Ill. App. 228.

The court in the latter case at page 230 says :. ''The elementary rule is this : 'But where the damages, through the natural consequences of the act complained of, are not the necessary result of it, they are termed special damages, which the law does not imply, and therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them on the trial.' 2 Greenleaf on Evidence, sec. 254; *Teagarden v. Hetfield,* 11 Ind. 522.''

It is next contended by appellant that appellee failed to show as a part of his case that the interruptions complained of did not occur on account of defective wiring in his own plant. In other words, appellant contends that it does not follow that because there were interruptions in the service in appellee's institution, that they necessarily occurred on account of a failure on the part of appellant's plant to maintain its service in keeping with the provision of said ordinance, but that said lack of service may be on account of defective wiring or from other causes in appellee's own institution. We think this point is well taken and that the doctrine of *res ipsa loquitur* does not apply on the record in this case. It is elementary and fundamental that the doctrine of *res ipsa loquitur* can never be invoked to make a prima facie case, unless the instrumentalities causing the injury are wholly and solely under the control of the party charged with the negligent act.

In 6 Thompson on Negligence, sec. 7635, the author says : ''Sometimes the duty which the defendant owes to the plaintiff is of such a nature that proof

that the accident happened to the plaintiff under certain circumstances will be of such legal value as to afford evidence of negligence on the part of the defendant, and make out a prima facie case in favor of the plaintiff. This is the doctrine of *res ipsa loquitur*, and it is not applied unless the thing causing the accident is under the control of the defendant or his servants, and the accident is of a kind which does not ordinarily occur if due care has been exercised." To the same effect is *Hart v. Washington Park Club*, 157 Ill. 9, and *Independent Brewing Ass'n v. Schaller*, 128 Ill. App. 533.

It is next contended by appellant that the court erred in giving the second and fourth of the given instructions on the part of appellee. The second instruction informs the jury: "It became and was the duty of defendant to furnish to plaintiff a continuous, constant and adequate supply of electricity for the lighting and use in his place of business." This instruction states the duty of appellant in stronger terms than is warranted under the law. It, in effect, makes appellant a guarantor of continuous, constant and adequate service. It was the duty of appellant to use all reasonable care to give adequate service and that is all the law requires.

The fourth instruction informed the jury that it was the duty of appellant to furnish appellee "the kind of electrical current necessary and proper for the conduct of his business." This instruction allowed the jury to determine what was the current needed by appellee and was not confined to the character of current or electrical energy the ordinance in question required appellant to furnish. This instruction further states: "You have a right in estimating the plaintiff's damages to take in consideration the annoyance, inconvenience and loss of time caused by the failure to so furnish electrical current as provided in the ordinance offered in evidence," etc. This in-

struction does not state the correct measure of damages appellee would be entitled to recover, if at all. The measure of damages appellee would be entitled to recover would be such damages as the evidence may show proximately followed as a result of the failure of appellant to furnish the service required by said ordinance. Said instruction is also erroneous in allowing appellee to recover damages on account of the annoyance he might have been put to, as we do not understand that to be an element of damages in this character of case. The court erred in giving said second and fourth instructions.

It is further contended by appellant that the court erred in refusing to give to the jury an instruction offered on the part of appellant to the effect that appellee was entitled to recover only nominal damages of one dollar or one cent. We are of the opinion that the court did not err in refusing this instruction. If appellee is entitled to recover at all, we are of the opinion that the evidence in the record indicates it would be for substantial damages.

For the reasons above set forth the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*