# TAYLOR WILLIAMS

## v.

# DAVID M. CASE.

1. SECONDARY EVIDENCE—*search for original.* In order to admit parol evidence of the amount of an account in a prior suit, it should appear that diligent search was made for the original in all places where it would probably be found, and if the custodian of the paper states that he thinks an attorney took the same, he should be sought, to ascertain if it was in his possession. and if so, he should be compelled to produce it.

2. EVIDENCE—*proof to show that party claimed less in a prior suit.* Where a party seeks to show, by parol, that, in a prior suit in another court, the plaintiff claimed a less sum by his account filed, if he only proves that the prior account was different from the one in the suit being tried, without explaining in what the difference consisted, it will not be erroneous to reject such evidence, as the difference may be in dates only.

3. DAMAGES—*when too remote.* Damages claimed by reason of having to haul coal by teams, which could have been carried by rail if a party had completed his work on the road in time, are too remote to be allowed as a set-off in a suit to recover for work, etc., on the road.

APPEAL from the Circuit Court of Rock Island county; the Hon. GEO. W. PLEASANTS, Judge, presiding.

This was an action brought by David M. Case against Taylor Williams, on an account for work and labor in the grading, etc., of a railroad track, the balance of the account being $729.

The defendant, for the purpose of showing that the account was incorrect, and fictitious, offered to prove that, in a prior suit by the plaintiff in the county court, his account was different from the one in this suit, but not in what respects the two accounts differed, which the court refused to allow to go to the jury.

The defendant also set up a claim for damages growing out of the failure of the plaintiff to complete his part of the work in the time agreed upon, and, in order to show special damages, offered to prove what it cost him to haul a lot of coal to

the river by teams, and the difference between that and the cost by railroad, had the same been completed, which, on objection, the court excluded. The other facts appear in the opinion.

Messrs. SWEENEY & JACKSON, for the appellant.

Mr. WILLIAM H. GEST, and Mr. C. M. OSBORN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is urged that the court below erred in rejecting evidence of the amount of an account sued on in the county court, by appellee against appellant. The latter called the deputy county clerk, who testified that he had searched for the account, and was unable to find it. He then called a witness, who testified that he was familiar with the account filed in that suit, and asked him whether the account in this suit was the same as the account filed in that, but the court below rejected the evidence.

In the first place, the proper foundation was not laid for the admission of such evidence. The deputy clerk testified that, "I have examined the files in the county court, and can not find the papers in that case. They are not in the office. I am inclined to think that Mr. Browning, who was attorney for David M. Case, has the papers." He does not say how extensive the search was which he made, whether it was full and complete in all places where they would be probably found, or whether the search was but slight; whether it was diligent and earnest, or but trivial and partial. Nor does appellant state that he had called on Mr. Browning, to learn if he had the papers. The deputy clerk believed that Browning had them, and this was sufficient to require him to be sought, and to have learned whether they were in his possession, and if so, to have compelled him to produce them, if necessary.

Again, appellant did not explain in what the two accounts differed, and what he expected to show by the witness, if the accounts did differ, that the court could see whether the evidence was pertinent to the issue being tried. The one account may have had dates to each item, and the other not, and that would have been a difference, but not of the slightest importance. So, if there was a slight difference in the amounts, there was no error in rejecting this evidence.

The other objections to the exclusion of evidence were not well taken. The damages proposed to be proved were too remote and uncertain to form a basis of damages for a set-off to appellee's claim.

As to whether the jury have found the proper sum for appellee, it is only necessary to say that the evidence is conflicting, and the verdict is not clearly against the evidence, if it does not preponderate in its favor, and we will not disturb it.

The judgment of the court below must be affirmed.

*Judgment affirmed.*