The Wabash, St. Louis and Pacific Railway Company

v.

John A. Lynch.

1. Pleading special damages.—Special damages being those that do not necessarily result from the violation of the contract complained of, must be particularly stated in the declaration, otherwise they can not be recovered.

2. Common carrier—Notice.—As between vendor and vendee or shipper and carrier, where the article is desired for a special purpose, that fact should be communicated to the vendor or carrier, if it is made the foundation of special damages against them and is of a character likely to affect the action of the vendor or carrier.

3. Special damages from delay in delivery.—Where it was not alleged in the declaration nor shown by the evidence that appellant was notified or knew that appellee's trees which had been received to be shipp'd, were sold and were to be delivered on a certain day, and appellant did not undertake to deliver the trees upon any certain day. *Held*, that it was not proper for the jury, in arriving at their verdict, to take into consideration the sale of the trees by appellee and that they were to be delivered on a certain day, and that appellant should not be charged with damages arising from its failure to have the trees at their designation on or before that day.

4. Measure of damages.—The measure of damages in this case would be the difference between the value of the trees if they had been delivered in good order and in a reasonable time, and their value in the damaged condition they were in at the time of delivery. But as the evidence shows there was no market value for the trees at the place of delivery, it is proper

for the jury to consider the original cost of the trees at the place of shipment and the freight paid by appellee, and the difference between that amount and the sum received by appellee, deducting from the sum so received the expense of appellee, including his time in disposing of the trees, would be the damage.

APPEAL from the Circuit Court of Crawford county; the Hon. WILLIAM P. JONES, Judge, presiding. Opinion filed April 13, 1883.

Mr. SAMUEL P. WHEELER, for appellant; that unless the carrier is notified that goods delivered for transportation have been sold at an advantageous price provided they are delivered by a certain time, and with such notice, undertakes to carry and deliver them, the carrier is not liable for loss sustained by reason of negligently failing to deliver in time, cited Hutchinson on Carriers, §§ 772, 773; I. C. R. R. Co. v. Cobb, 64 Ill. 141; C. B. & Q. R. R. Co. v. Hale, 83 Ill. 360.

The damages claimed can only be recovered by being particularly stated in the declaration: Olmstead v. Burke, 25 Ill. 86; Adams v. Gardner, 78 Ill. 568.

Mr. J. C. OLWIN and Messrs. PARKER & CROWLEY, for appellee; that appellee would not be bound unless he understood the conditions in the bill of lading and expressly assented thereto, cited Merchant's Despatch Trans. Co. v. Theilbar, 86 Ill. 71; R. S. p. 813, § 33, p. 268, § 1.

Parties can not by express contract stipulate against the consequence of their own negligence or willful default: C. B. & Q. R. R. Co. v. Hale, 2 Bradwell, 150; Hutchinson on Carriers, §§ 262, 263.

As to the measure of damages: Redfield on Bailments, §§ 29–32.

CASEY, J. This was an action of assumpsit brought by appellee to recover damages resulting to him because of the negligence of appellant in not delivering a box of fruit trees in a reasonable time after shipment. The general issue was filed to the declaration.

On the trial it appeared that appellant received the box of trees at Vincennes, Indiana, on the 2d of November, 1881, to be delivered to appellee at West York, Illinois; that appellee had paid for the trees at Vincennes $170.67, and that he paid $3.95 freight; that appellee had before that time sold the trees to various persons in the neighborhood of West York for the sum of $375, to be delivered at that place on the 4th of November, 1881, and that the purchasers were there on that day to receive and pay for their trees; that the trees were not delivered at West York by appellant until the 7th of the same month, and when delivered they were in a damaged condition. Appellee received them, and after considerable labor and expense amounting to $25, sold them for $182 or $184.

These are substantially the facts in the case. The cause was submitted to a jury and resulted in a verdict against appellant for the sum of $156.70. A motion for a new trial was entered and refused.

The only question in the case is as to the measure of damages. In the declaration no special damages are averred or claimed. It is not alleged in the declaration or shown by the evidence that appellant had been notified or knew that the trees had been sold and were to be delivered on a certain day. Neither did appellant undertake to deliver the trees by the 4th day of November or any other certain day. In arriving at their verdict the jury took into consideration the fact of the sale of the trees by appellee and that they were to be delivered on a certain day, and that appellant should be charged with the damages arising from its failure to have the trees at West York on or before that day. This was erroneous.

In Olmstead v. Burke, 25 Ill. 86, the Supreme Court said substantially: " In an action for a breach of contract where no special damages are stated in the declaration, the plaintiff's recovery is limited to such damages as naturally arise from the breach complained of. Special damages being those that do not necessarily result from the violation of the contract complained of, must be particularly stated in the declaration, otherwise they can not· be recovered."

The rule undoubtedly is as between vendor and vendee or

shipper and carrier; that where the article is desired for a special purpose, that fact should be communicated to the vendor or carrier, if it is made the foundation of special damages against them and is of a character likely to affect the action of the vendor or carrier. C. B. & Q. R. R. Co. v. Hale, 83 Ill. 360.

The jury were not warranted in considering the fact that appellee had sold the trees for $375 to be delivered on a certain day, because it was not so averred in the declaration, and not shown by the evidence that appellant had any notice of such sale or day of delivery. Such damages are special. They do not necessarily follow as a result from a failure to comply with the contract. Priestly v. N. I. & C. R. R. Co. 26 Ill. 205; Frazer v. Smith, 60 Ill. 146; I. C. R. R. Co. v. Cobb, 64 Ill. 128; Griffin v. Culver, 16 N. Y. 489; Sedgwick on the Measure of Damages, 81 and note.

The sixth instruction given on the part of appellee was calculated to mislead the jury.

It may have been supposed that by the terms *apt time* was intended to mean the day the trees were to be delivered by appellee to the purchasers.

The sixth instruction offered by appellant was properly refused by the court. The trees were not *lost*, and therefore the condition in the bill of lading to which reference is made does not apply. The measure of damages in this case as the declaration and evidence now is, would be the difference between the value of the trees if they had been delivered in good order and in a reasonable time and their value in the damaged condition they were in at the time of delivery. But inasmuch as the evidence shows that there was no market value for such trees at West York, the place of delivery, in estimating the damages it is proper for the jury to consider the original cost of the trees at Vincennes and the freight paid by the appellee, and the difference between that amount and the sum received by appellee, deducting from the sum so received the expense of appellee, including his time in disposing of the trees, would be the damage.

The judgment of the circuit court is reversed and the cause remanded.                           Reversed and remanded.