# J. M. FREEMAN

v.

# D. J. DEMPSEY.

*Contracts—Breach—Damages—Practice—Language of Attorney upon Trial.*

1.   Only those damages can be recovered for a breach of contract that are the proximate and natural result of the breach, and which may be presumed to have been contemplated by the parties.

2.   When a contract provides for special damages, or is of a special character, and there is a breach caused by the failure to comply with another contract which is ancillary thereto, in order to recover such special damages in a suit for a breach of the subordinate contract, the maker thereof must have some notice of the character of such principal contract.

3.   This court holds as highly improper the language of an attorney for the defendant, in the case presented.

[Opinion filed October 27, 1891.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Mr. M. MILLARD, for appellant.

Messrs. ALEX. FLANNIGAN and L. H. HITE, for appellee.

SAMPLE, J.   This suit was brought by appellant to recover of appellee the sum of $100 for hauling forty-two thousand brick, at one dollar per thousand, and $58 on a note, given for the balance of the purchase price of a horse.  The appellee set up the defense as to the hauling of the brick, that he was a contractor, and that appellant had contracted with him to haul all the brick for the house that he was erecting and failed and refused to do so, whereby he was delayed in the completion of the work and thereby damaged in the sum of $500 ; as to the note, he set up the defense that the appellant warranted the horse to be sound, whereas he was not sound, but

had the disease known as the farcy, and that the horse was not worth more than the cash payment that had been made of $50.

On trial below, a verdict was found in favor of defendant and judgment entered thereon, from which this appeal is prosecuted, and the material errors assigned and discussed are, that the verdict should have been set aside, as being against the evidence, and that the court erred in its instruction as to the measure of damages, for the alleged failure to haul the brick.

The instruction referred to, while proper in its general form, was misleading, in view of the evidence as to the character of the damages that appellee claimed on account of such failure. The appellee testified that he got behind in his work because of such failure, and he "would not have had that happened for $500." As a basis for his damages, he testified : "I should judge my damages from the annoyance and delay, etc. I have not been settled with, and I would, if I had my contract done at the time *required*." He further testified that "the owner of the building claims that I have a forfeit to pay of $5 per day." Thus it appears that there was a limit fixed for the completion of the building, and special damages provided in the contract for a failure to construct the building in the time required. Under the instruction referred to, the jury were permitted to consider such damages; now the general rule of law is, that only those damages can be recovered for a breach of contract, that are the proximate and natural result of the breach, and which may be presumed to have been contemplated by the parties. Mayne on Damages, 15; Williams v. Case, 79 Ill. 356.

It is also the law, when a contract provides for special damages, or is of a special character, and there is a breach, caused by the failure to comply with another contract, which is ancillary thereto, that in order to recover such special damages in a suit for a breach of the subordinate contract, the maker thereof must have some notice of the character of such principal contract. See Olmstead v. Burke, 25 Ill. 86, and case of Hadleys et al. v. Boxendale, 26 Eng. L. & E. 398, there

cited; W., St. L. & P. R. R. Co. v. Lynch, 12 Ill. App. 365–8; C., B. & Q. R. R. Co. v. Hale, 83 Ill. 360.

There is no proof that appellant had any notice of the special character of appellee's contract, upon which he bases his damages, and there is no proof of any other kind of damages, or that he and his men were idle on account of the failure to haul the brick, or that he had to pay others more per thousand for hauling the brick. Without reviewing the evidence in detail, as to the condition of the horse when purchased by appellee or thereafter, suffice it to say that the evidence in this record does not, in our judgment, justify the finding of the jury. We are impressed that the verdict was the result of a prejudice worked up against the appellant. It is in the record that he was denounced by the attorney for appellee, as "a Jew, a Christ-killer, a murderer of our Savior." If the appellee is a Jew, on account of his birth, or parentage, it was not his fault, neither is it a disgrace; if on account of his religion, it is not a cause of reproach. As to the other epithets applied to him, denunciatory as they are of the whole Jewish race, it is almost inconceivable that they should be either uttered or tolerated in the trial of a cause in a court of justice.

No one, doubtless, would admit, on reflection, more readily than the attorney for appellee, the gross impropriety of their use, especially at such a place and on such an occasion. Judgment is reversed and the cause remanded.

*Reversed and remanded.*