## Union Foundry Works v. Columbia Iron and Steel Company.

### Gen. No. 10,925.

1. FINDING OF COURT—*effect of, upon appeal.* The finding of the trial court upon a controverted question of fact is conclusive upon the Appellate Court, unless manifestly against the weight of the evidence.

2. SPECIAL AND CONSEQUENTIAL DAMAGES—*when, may be recovered in an action for breach of contract.* Such damages in such a case can only be recovered where the defendant, prior to and at the time of the making of the contract in question, has been informed of the purposes for which the property ordered was desired.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed February 13, 1904.

**Statement by the Court.** In the year 1892 appellee was engaged in the manufacture and sale of structural iron and steel at Uniontown, Pa., and appellant was engaged at Chicago in the business of furnishing and erecting structural iron and steel in buildings. Appellant during the months of August and September, 1892, ordered from appellee, and appellee furnished to it, large quantities of iron and steel beams and angles, and for the price thereof this suit was brought by appellee against appellant.

Appellant filed a plea of *non assumpsit* and also pleas of set-off in which it was averred that by reason of the failure of appellee to furnish said articles within the time agreed upon appellant had sustained damages in the sum of $2,400. The case was submitted to the court and the court found the issues, those joined upon the pleas of set-off as well as

upon the plea of *non assumpsit*, for the plaintiff, and assessed plaintiff's damages at the sum $1,675.84 and rendered judgment for said sum against appellant.

BARKER, CHURCH & SHEPARD, for appellant.

BOWEN W. SCHUMACHER, for appellee; LOUIS ZIMMERMAN, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

It is not disputed that the sum for which judgment was rendered was due appellee for the articles furnished, at the prices agreed upon. The court expressly held that "under the evidence in the case the defendant was not entitled to any damages whatever by way of set-off to the plaintiff's claim." The contention of appellant is that this finding is against the evidence. It clearly appears from the evidence that the beams and angles purchased by appellant from appellee were purchased with the intention on the part of appellant to use the same in the construction and erection of the iron and steel work in certain buildings, which work appellant had contracted with their respective owners to erect and complete within certain specified times; that appellee knew when it accepted orders for certain beams and angles that the same were intended to be used by appellant in the construction of a particular building, as the "Condit," the "Bennett" or other building. It further appears that appellee did not furnish the beams and angles ordered within the respective times agreed upon; that by reason of such delays appellant was unable to complete its contracts for the iron and steel work of such buildings within the respective times agreed upon in its contract for such work, and that by reason of such failure, appellant sustained substantial damages, and was compelled to pay to the persons with whom it had so contracted, large sums of money.

The court in effect found that appellee had not, at the time of the acceptance of the orders of appellant, notice or knowledge of the contract of appellant, to carry out which the orders for the beams and angles were given, and the

contention of appellant is, that such finding is against the
evidence.   It is not claimed that there is in the record any
direct evidence of such notice or knowledge but the con-
tention is that from the facts and circumstances established
by the evidence such notice and knowledge may be inferred.
To this contention we cannot accede.   The finding of the
Circuit Court upon a question of fact is conclusive upon
this court, unless manifestly against the weight of the evi-
dence.   Field v. C. & R. I. R. R. Co., 71 Ill. 458.

We have read and considered the stipulation of facts and
the other evidence in this case, and our conclusion is that
the finding of the Circuit Court is in accordance with, and
not against the evidence.

It is to be noticed that the damages which appellant
claimed and sought to recoup or set off in this case were
not the difference between the price it was to pay appellee
for the beams and angles in question and the price at which
it had sold the same to third persons, but were the special
and consequential damages which appellant sustained by
reason of its failure to complete certain contracts with other
persons for the construction and erection within the time
fixed by such contracts for the completion of the same,
upon the ground that appellant's failure to complete its con-
tracts was caused by appellee's failure to keep its contract
with appellant.

In Hadley v. Baxendale, 9 Exch. 41, the rule as to conse-
quential damages in cases of breach of contracts was stated
thus:   " Where two parties have made a contract which
one of them has broken, the damages which the other party
ought to receive in respect of such breach of contract should
be such as may fairly and reasonably be considered either
arising naturally, *i. e.*, according to the usual course of
things, from such breach of contract itself, or such as may
reasonably be supposed to have been in the contemplation
of both parties, at the time they made the contract, as the
probable result of the breach of it.   Now, if the special cir-
cumstances under which the contract was actually made,
were communicated by the plaintiffs to the defendants, and

thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would arise generally, and in the great multitude of cases not affected by any special circumstances, from such a breach of contract, for, had the special circumstances been known, the parties might have specially provided for the breach of contract by special terms as to the damages in that case; and of this advantage it would be very unjust to deprive them."

In Freeman v. Dempsey, 41 Ill. App. 554, Dempsey was sued by Freeman to recover the contract price for hauling a quantity of brick. Defendant set up as a defense that he had contracted to build a house for a third person within a specified time and for failure to do so was to pay five dollars per day as damages. The judgment in favor of Dempsey was reversed upon the ground, so far as the question before us is concerned, that Freeman had no notice or knowledge at the time he contracted with Dempsey to haul the brick, that Dempsey was under contract to complete the house within a fixed time and to pay damages in case of his failure to do so. On page 555 the court says: "It is also the law, when a contract provides for special damages, or is of a special character, and there is a breach, caused by the failure to comply with another contract, which is ancillary thereto, that in order to recover such special damages in a suit for a breach of the subordinate contract the maker thereof must have some notice of the character of such principal contract." Citing Hadley v. Baxendale, *supra.*

In Goodkind v. Rogan, 8 Ill. App. 413, 420, Mr. Justice McAllister said: "To make a party to a contract responsible in case of its non-fulfillment by him for ulterior consequences, involving the payment of extraordinary damages,

he should be distinctly and with reasonable preciseness informed of the purpose for which the subject of the contract is intended by the other party. The purpose should be brought fairly within the contemplation of the one who is to be charged."

We cannot agree with the contention that notice of the contracts of appellant with third persons, given to appellee after the contracts between appellant and appellee had been made, is sufficient to entitle appellant to recover the special and consequential damages it was compelled to pay to such third persons for the breach of its contract with them, nor do we find any recognition of such rule in the case of Cobb v. I. C. R. R. Co., 64 Ill. 128, the only authority cited in its support.

In our opinion the Circuit Court committed no error in holding that under the facts of this case, as found by that court, appellant was not entitled to set off or recoup against the claim of appellee the damage it had suffered and been compelled to pay to the owners of said building, by reason of the failure to carry out its contracts with them within the time limited in said contracts. The conclusion at which we have arrived as to the facts of the case, and the rule of law applicable thereto, render it unnecessary to consider the other reasons presented for the affirmance of the judgment.

The judgment will be affirmed.

*Affirmed.*