Walter Bellm, Trading as Bellm Freight Lines and Ralph Bellm, Appellants, v. Lyman Henry, Appellee.

Gen. No. 9,637.

526

Opinion filed February 28, 1949. Released for publication March 28, 1949.

MILFORD T. ENGLISH and MEYER & MEYER, all of East St. Louis, for appellants.

■■■■■■■■

VANDEVER & BULLINGTON, of Hillsboro, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal by the plaintiffs appellants, Walter Bellm, doing business as Bellm Freight Lines, and Ralph Bellm, from a judgment entered in favor of the defendant appellee. The case was tried before the court without a jury.

No question was raised as to the pleadings, which consisted of an amended complaint, answer thereto, and an amended reply; there was no allegation of wilful and wanton misconduct. The appellants raised no question as to the rulings of the court and there were no instructions that could be complained of. The sole question confronting the court is whether or not the judgment is against the manifest weight of the evidence. For convenience the appellants will be referred to hereafter as the plaintiffs, and the appellee as the defendant.

The plaintiffs called two occurrence witnesses— Ralph Bellm, the driver of the truck, and Duane Meyer, who also was riding in the truck at the time of the accident. Walter Bellm, one of the plaintiffs, testified to the cost of the repairs to the truck and trailer made necessary by the accident, and that the truck and trailer had a combined weight of 19,000 pounds and measured 42 feet over-all. Plaintiffs also called to the witness stand the defendant, Lyman Henry, under section 60 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 184; Jones Ill. Stats. Ann. 104.060].

The defendant, Lyman Henry, was the only witness for the defendant.

The accident happened on the 19th day of October 1946, shortly after eleven o'clock in the morning, on U. S. Highway Number 66, about one and one-half miles south of Farmersville, in Montgomery county, Illinois.

The plaintiffs contend that they suffered injuries by reason of the defendant making a left turn at an intersection in the path of the oncoming truck.

Ralph Bellm, the truck driver, testified that he was driving a 1944 or 1945 White tractor and a 32 foot Fruehof tandem trailer, which was loaded, traveling south on Route 66, an 18 foot paved road, marked with a black center line; it was raining and the pavement was wet; his speed was about 45 miles an hour. In front of him was the defendant's car. A truck pulling another truck passed both plaintiff and defendant and then he testified "I was going to pass when this car up front of me attempted to make a left turn." Before the time he was getting ready to pass the defendant's car the plaintiff, Ralph Bellm, was going "almost 45 miles per hour." That he then tried to stop and got off the pavement and went into the ditch on his left, and as a result thereof the truck and the trailer jack-knifed. He did not see the defendant after the defendant attempted to turn because that was when he tried to stop his truck; that he did not see the defendant turn left; and that he didn't know if the defendant turned "as much as a foot." His injuries consisted of "just a cut or two."

Duane Meyer, the witness who was riding with Bellm, testified that the defendant at no time pulled off to the right side of the road and stopped. That there was no vehicle between their truck and defendant's car, and that Bellm started to pass the defendant 35 or 40 feet north of the intersection and blew his horn; the defendant did not signal that he was going to turn. On cross-examination the witness said that he did not see the defendant actually make a left turn across the lane of traffic; but he did see the defendant's rear wheel which was on the black line or a little further over.

The defendant, Lyman Henry, testified that he was driving a 1934 Ford two-door automobile south on

Route 66 on his way to the Morrisonville road, an oiled road running east and west, which intersected Route 66 a mile and a half south of Farmersville. When he was about 300 feet from the intersection he saw behind him a car pulling another car and following that was the Bellm truck; a truck mounted on the back end of another truck had just passed him and was in the clear. His intention was to turn left and go east on the Morrisonville or oiled road, but he saw he could not make the turn without "getting bumped into." About 100 feet (or better) from the intersection he signaled, turned right, and stopped on the right hand shoulder of the road about 20 or 25 feet north of the intersection. The car pulling the other car also stopped and parked on the right hand shoulder of the road about 10 or 15 feet behind him. As he parked there the Bellm truck and trailer jack-knifed and went in the ditch on the left hand side of the road. After the truck and trailer settled down the defendant then drove across the hard road onto the oiled road, stopped and got out of his car; stayed four or five minutes and then went on east to his home. He had no conversation with anyone; did not know and did not learn who the people were or the person who was in the car that parked back of him on the side of the road. After he pulled across on the oiled road he saw a man get out of the truck parked back of him and start across the road, but did not see him having any conversation with the driver of the Bellm truck.

It is clear that the testimony offered on behalf of the plaintiff and that offered by the defendant is in conflict, not only as to the actions of the two parties and their movements, but also as to the presence or absence of other vehicles on the road in the vicinity of the accident.

Plaintiff urges that in a case tried by the court without a jury the finding of the court has no greater weight than the verdict of a jury and will be reversed

where such finding is against the manifest weight of the evidence, and that it is the duty of a reviewing court to weigh the evidence and base its judgment on its own view of the facts.

These contentions of the plaintiff amount to the charge that the judgment of the trial court is against the manifest weight of the evidence. In support of this contention plaintiff cites cases which state the rule that while a court of review is reluctant to set aside the verdict of a jury, yet, where after giving consideration to the variant stories of the witnesses, it is of the opinion that the verdict is clearly against the weight of the evidence, it is its duty to set it aside and reverse the judgment.

With this rule of the law we must agree, and in these cases cited by the plaintiff, the court did weigh the evidence and find that the verdicts of the jury or the findings of the trial court were or were not against the manifest weight of the evidence as presented by the record.

In the cases cited by the plaintiff where the reviewing court reversed the findings of the trial court, were cases where the evidence was so clear that the upper court was justified in finding that the judgment was against the manifest weight of the evidence.

The finding of the trial court in the instant case in our opinion, is not clearly and manifestly against the weight of the evidence.

It is uncontradicted that the plaintiff was driving his truck in a southerly direction on a wet pavement and at about 45 miles an hour, that the road was straight for a mile north and a mile south of the intersection, and that he started to pass the car ahead of him about 35 or 40 feet from the intersection. The action of the plaintiff was a clear violation of sec. 58, Highway Act Regulating Traffic on Highways, par. 155(b), ch. 95½ Ill. Rev. Stat. [Jones Ill. Stats.

Ann. 85.187, subpar. (b)], which provides in part as follows:

"No vehicle shall, in overtaking and passing another vehicle or at any other time, be driven to the left side of the roadway under the following conditions:

1. . . .

2. When approaching within 100 feet of any bridge, viaduct, or tunnel or when approaching within 100 feet of or traversing any intersection or railroad grade crossing."

Also a violation of section 49, Uniform Act Regulating Traffic on Highways, par. 146, ch. 95½, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 85.178], which provides in part as follows:

"The speed of all vehicles of the second division as described in Article I of this Act, . . . shall not exceed the following rates, to-wit:

. . .

2. . . . vehicles designed and used for pulling and carrying freight and having a gross weight of more than fourteen thousand (14,000) pounds, including the weight of the vehicle and maximum load, if equipped with pneumatic tires, forty (40) miles per hour, . . . ."

The violation of these two statutes by the plaintiff is at least prima facie evidence of negligence. The plaintiff was also guilty of negligence in that he failed to have his truck under control, as shown by the fact that when he thought the defendant was going to turn left it was necessary for him to apply his brakes so suddenly and so hard that his truck and trailer jack-knifed and ran into the ditch.

The trial court no doubt considered all of these facts and circumstances and found that the plaintiff was guilty of contributory negligence and could not recover. We think the trial court was justified in so finding.

■■ There were but three witnesses heard by the trial court. Their evidence was conflicting and it is well settled that where the testimony merely conflicts the reviewing court may not substitute its judgment for that of the trial court. This rule was clearly stated in the case of *Chamblin v. New York Life Ins. Co.,* 292 Ill. App. 532, at page 538:

"The expert proof bearing upon the vital question, being in conflict, it was for the trial judge, sitting without a jury, to find the fact, which he must do largely from the credibility of the witnesses and the weight to be attached to their testimony, *People v. Ristau,* 363 Ill. 583, 589.

"It is further the rule that where the testimony merely conflicts, the reviewing court may not substitute its judgment for that of the trial court. *People v. Oberbey,* 362 Ill. 488; *People v. Martishuis,* 361 Ill. 178. In order to warrant interference with the finding it must appear that the judgment is contrary to the manifest weight of the evidence. *Kuehne v. Malach,* 286 Ill. 120; *Tarjan v. Regelin,* 202 Ill. App. 320; *Union Foundry Works v. Columbia Iron & Steel Co.,* 112 Ill. App. 183."

In the trial of the case the trial judge saw and heard the witnesses and had advantages which this court does not possess in judging the weight which should be given to their testimony where there is a conflict in the testimony, as there was in the instant case.

On the record before us we cannot say that the finding of the trial judge was against the manifest weight of the evidence, and the judgment of the circuit court of Montgomery county is, therefore, affirmed.

*Judgment affirmed.*