## BOYD v. SAN ANTONIO NAT. BANK.

### No. 11287.

Court of Civil Appeals of Texas. San Antonio.

April 28, 1943.

Goggans & Ritchie and Wm. P. Goar, all of Dallas, and Moursund, Ball, Moursund & Bergstrom, of San Antonio, for appellant.

Denman, Franklin & Denman, of San Antonio, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege entered by the District Court of Bexar County. Exceptions Nos. 5 and 29a of Article 1995, Vernon's Ann.Civ.Stats. are involved.

Appellee, San Antonio National Bank, brought suit against Herbert S. Jack, a non-resident of Bexar County, which embraces three causes of action. Two of

these causes of action were based upon promissory notes signed by Herbert S. Jack and payable in Bexar County. The third cause of action was based upon a promissory note executed by appellant, J. Marvin Boyd, payable to the order of Herbert S. Jack in Dallas County, Texas, where Boyd resides. This note was endorsed by Jack to the appellee bank.

For the purposes of this opinion, we assume, without deciding, that the proviso contained in the latter part of exception 4, Article 1995, relating to the transfer or assignment of a note or chose in action has no application to this case. See Acts 33rd Legislature, Chapter 177, p. 424. We further assume without deciding, that Boyd as the principal debtor upon the note is a necessary party to the action asserted against Jack as endorser thereof.

Since exception 29a, if operative at all, must be ancillary to some other exception to Article 1995, Tarrant v. Walker, Tex.Sup., 166 S.W.2d 900, the question presented is whether or not the cause of action against Jack, based upon his endorsement of Boyd's note is maintainable in Bexar County under the claimed exception—No. 5. Obviously it is not. The place of performance is designated as Dallas County and not Bexar County.

It seems to be well settled that if a plaintiff has a cause of action against a defendant properly maintainable in a certain county by reason of some exception contained in Article 1995, he may maintain a second cause of action against said defendant in the same suit in the county selected, although the second cause of action if asserted in a separate suit could not be so maintained under the venue statutes. This is true not by reason of the wording of any particular exception to Article 1995, but solely because of the rule of public policy designed to avoid a multiplicity of suits. Middlebrook & Bro. v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S.W. 890.

However, a cause of action which may be maintained in a certain county solely because it is joined with a cause of action based upon a written instrument designating a particular county or a place of performance, can not be considered as a cause of action lawfully maintainable in a county in which the defendant does not reside under the provisions of exception 5 of Article 1995. To so hold and thus give effect to appellee's contention here would contravene the declared public policy of the venue statutes.

"The dominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions." A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 621.

"The entire venue statute has been construed by the courts favorably to the rights of defendants, Fox v. Cone, 118 Tex. 212, 13 S.W.2d 65; and strictly, and must be clearly established, Spinnler v. Armstrong, Tex.Civ.App., 63 S.W.2d 1071; and are not to be denied upon strained constructions thereof. Southwestern Surgical [Supply] Co. v. Scarborough, Tex.Civ. App., 15 S.W.2d 65. This strict interpretation plainly excludes equitable situations, embracing 'all those that may be directly or indirectly involved in order that full and complete relief may be accorded the complainant'; or the 'avoidance of a multiplicity of suits'; and appellate decisions that have heretofore liberalized the word are now considered as overruled." Young, J., in Scott v. Scott, Tex.Civ.App., 126 S.W.2d 525, loc. cit. 533.

Boyd's plea of privilege was improperly overruled. The judgment of the trial court is reversed and judgment here rendered sustaining Boyd's plea of privilege. The venue of the cause of action asserted against him, and as to him, is transferred to the District Court of Dallas County, Fourteenth Judicial District, as prayed for by appellant. The Clerk of the court below will proceed in accordance with the provisions of Rule No. 89, Texas Rules of Civil Procedure, in making effective the order of this Court.

Reversed and rendered.