**WESTER v. REESE et al.**

No. 14961.

Court of Civil Appeals of Texas.
Fort Worth.
Sept. 10, 1948.

Cantey, Hanger, McKnight & Johnson, J. A. Gooch and W. B. Thompson, all of Fort Worth, for appellant.

James H. Knapp, of Arlington, Samuels, Brown, Herman & Scott and Ardell M. Young, all of Fort Worth, for appellees.

McDONALD, Chief Justice.

This is one of the three suits mentioned in our opinion in cause No. 14959 on the docket of this court, styled Wester v. Smith, reported in 213 S.W.2d 550. This suit was No. 54143–A, styled Mary C. Reese et al. v. Barney E. Wester.

John B. Reese and his wife, Mary C. Reese, the parents of Mrs. Smith, were riding in the Smith car when it collided with the Wester car. Mr. Reese died on December 21, 1947, about four weeks after the collision. This suit is brought by his widow and children, who allege that Mr. Reese died as a result of injuries received in the collision. Wester alone was named as a party defendant.

The only contention seriously made by Wester on appeal is that the evidence fails to show that Mr. Reese died as a result of injuries received in the collision, or, to put it another way, that the evidence fails to show that Wester committed any trespass in Tarrant County which proximately caused Mr. Reese's death. In view of the point of error formally raising the question, we hold that the evidence is sufficient to show that Wester committed a trespass which proximately caused the collision between his and Smith's automobiles.

The petition alleges that Mr. Reese was 84 years of age at the time of his death. Mrs. Smith testified that Mr. Reese's right arm was crushed and broken in two places, and that he had "an awful bad bruise" on his back just above his kidneys; that he was taken to the hospital and remained there eight or ten days; that he never got out of bed until the time of his death; that he suffered awfully all of the time after he was hurt until he died. She testified that her father's general health before the accident was fairly good, considering his age; that he could get out and around; and that he was not confined to his bed. Appellant points out that there was in evidence no death certificate showing the primary or secondary cause of his death, and contends that there was no competent evidence, medical or otherwise, which would give rise to sufficient facts upon which a presumption as to the death could be based. He argues that the trial court was left only to speculation and conjecture as to the cause of Mr. Reese's death. Pointing out that Mr. Reese was 84 years of age, appellant says that it is not inconceivable that he died from causes wholly unrelated to the alleged injuries. He cites Heard & Heard v. Kuhnert, Tex. Civ.App., 155 S.W.2d 817, on the proposition that to maintain venue under Subdivision 9, article 1995, Vernon's Ann.Civ. St., it must be shown that the trespass committed by the defendant was a proximate cause of plaintiff's damage, and Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, on the proposition that an inference of fact should not be drawn from an uncertain premise.

The evidence shows that Mr. Reese received substantial injuries, that he spent several days in the hospital, that he remained in bed from the time of the accident until he died, and that he suffered a great deal during that time. There being nothing in the evidence to suggest any other cause of death, other than the fact that he was 84 years of age, we think that an inference is warranted that he died from his injuries.

The judgment of the trial court is affirmed.