## WESTER v. SMITH et al.

### No. 14959.

Court of Civil Appeals of Texas.
Fort Worth.
Sept. 10, 1948.

Cantey, Hanger, McKnight & Johnson, J. A. Gooch and W. B. Thompson, all of Fort Worth, for appellant.

James H. Knapp, of Arlington, and Samuels, Brown, Herman & Scott and Ardell M. Young, all of Fort Worth, for appellees.

McDONALD, Chief Justice.

On November 25, 1947, two automobiles collided on a highway in Tarrant County, Texas. One of the cars was occupied by Daniel K. Smith, his wife, his two minor daughters, and Mrs. Smith's parents, Mr. and Mrs. Reese. The other car was driven by Barney E. Wester, a resident of Brown County. A few minutes after this collision, and while Mr. Smith and Mr. Wester and Mr. Smith's daughter Reba were standing in the highway talking about the collision, another car, owned by Furd Halsell and driven by his servant Will Cawthorne, arrived at the scene of the accident, struck the Wester car, and caused the Wester car to strike Mr. Smith and Reba Smith. Mr. Smith and Reba were severly injured, Mr. Smith so severly that he died a few hours later. Halsell and Cawthorne are residents of Tarrant County.

As an outgrowth of the two collisions, three suits were filed in the district court in Tarrant County. Wester was named as a defendant in the three suits, and filed in each of them his plea of privilege to be sued in the county of his residence. The pleas were controverted, and by agreement of the parties were heard at the same time. The trial court entered an order overruling the plea of privilege in each of the three cases, and Wester has appealed. The appeals have been docketed separately in this court, and we shall enter a separate order in each, as was done in the trial court.

In suit No. 54141-A in the trial court, styled Mrs. Georgia Smith et al. v. Furd Halsell et al., the plaintiffs were Mrs. Smith and her four children, two of whom were adults. Mrs. Smith sued for herself and as next friend of the two minor children, Reba and Mildred. The defendants were Furd Halsell, Will Cawthorne and Barney E. Wester. Plaintiffs sued for damages in the amount of $75,000 on ac-count of Mr. Smith's death, $50 doctor and hospital bills for treatment of Mr. Smith prior to his death, and $558 funeral bill. They also sued for $1,000 on account of damages done to the Smith automobile.

■ We think it clear that venue of the claim for damages done to the automobile lies in Tarrant County under subdivision 9 of Article 1995, Vernon's Ann.Civ.St. It cannot be seriously contended that the evidence fails to show a trespass committed by appellant in said county, and it is undisputed that the Smith car was damaged in the first collision.

■ Appellant contends that plaintiffs' pleadings and the evidence both show that Mr. Smith's death was not the proximate result of any negligent act committed by appellant. From the evidence before us it appears that Smith's death was caused by the injuries he received in the second collision. The second collision occurred several minutes after the first one, and not while Mr. Smith was still in a position of peril as a proximate result of the first collision. He had alighted from his car, and had walked to the rear of the Wester car, and was standing there talking to Wester when the second collision occurred. The situation was like that presented in City of Vernon v. Lisman, Tex.Com.App., 17 S.W.2d 769, where a motorist had driven into a ditch excavated by the City of Vernon, and while later trying to get his car out of the ditch was struck by a passing automobile. The court said:

"It is apparent the death of the deceased was not proximately caused by the negligence of the defendant city, but was due to an efficient intervening cause; that is, the act of being struck by a passing automobile. " * * * here the negligence of the city did not, to any extent, proximately cause the death. It was at most only the occasion for the deceased's presence in the street."

■ Plaintiffs, appellees here, contend that venue of the death claim lies in Tarrant County under Subdivision 4 of Article 1995, it being undisputed that the defendants Halsell and Cawthorne reside in said county. To maintain venue under Subdivision 4, the burden was on plaintiffs to

552

prove a cause of action against the resident defendants, Cawthorne and Halsell, or one of them, and to plead a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendants so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Plaintiffs' pleadings do not show a joint cause of action against Wester and the other defendants for either the car damage claim or the death claim. The Smith car was not damaged in the second collision. There was no concert of action between appellant and the other defendants in causing Mr. Smith's death.

■ There is a rule, however, which we believe is decisive of the venue question. It is thus stated in 43 Tex.Jur., p. 771: "Although there has been some confusion in the Texas decisions, the rule now appears to be settled that where two or more causes of action are properly joined venue as to one of them will confer venue as to the other although in the absence of such joinder the defendant might have insisted on the trial of one of the causes of action in the county of his residence."

■ The basis for the rule just quoted does not lie in any of the subdivisions of Article 1995, but exists solely because of the rule of public policy designed to avoid a multiplicity of suits. Boyd v. San Antonio Nat. Bank, Tex.Civ.App., 171 S.W.2d 375, and cases there cited. We have here a suit against Wester both for the car damage and the death claim. Proper showing was made, both by pleading and proof, of venue of the claim for the car damage. The claim for Mr. Smith's death was one that could properly be joined with it. We do not see that the suit should be transferred as to the death claim because of failure to prove that the death was a proximate result of a trespass committed by the nonresident defendant, when venue had been shown as to the other claim.

The judgment of the trial court is affirmed.