WESTER v. SMITH et al.
No. 14960.

Court of Civil Appeals of Texas.
Fort Worth.
Sept. 10, 1948.

Cantey, Hanger, McKnight & Johnson, J. A. Gooch and W. B. Thompson, all of Fort Worth, for appellant.

James H. Knapp, of Arlington, and Samuels, Brown, Herman & Scott and Ardell M. Young, all of Fort Worth, for appellees.

McDONALD, Chief Justice.

This is one of the three suits mentioned in our opinion in Wester v. Smith, No. 14959 on our docket, reported in 213 S.W. 2d 550. It was No. 54142-A, styled Mrs. Georgia Smith v. Furd Halsell et al., on the docket of the District Court.

Mrs. Georgia Smith, widow of the deceased Daniel K. Smith, sues for herself and as next friend of her two minor daughters, Reba Smith and Mildred Smith. The defendants are Furd Halsell, Will Cawthorne and Barney E. Wester.

Mrs. Smith sues for damages in the sum of $500 for personal injuries suffered by herself in the collision between the Wester and Smith automobiles. She also sues, as next friend, for damages in the sum of $500 for personal injuries suffered by Mildred Smith in the same collision. She sues, as next friend, for damages in the sum of $25,000 for personal injuries suffered by Reba Smith when the Halsell car struck the Wester car, as described in the opinion in our cause No. 14959, cited supra. Mrs. Smith also sues, for herself, for recovery of $300 hospital and doctor bills which Mrs. Smith has incurred for treatment of Reba's injuries, and for $250 which she alleges she will incur by way of doctor and hospital bills in the future in the treatment of Reba's injuries. She also sues, for herself, for loss of Reba's earnings, both past and future, in the amount of $2500.

Venue of the claims based on Mrs. Smith's and Mildred's personal injuries lies in Tarrant County because of the trespass committed by Wester in said county, they having been injured in the first collision. Venue of Mrs. Smith's claim for recovery of doctor and hospital bills she has incurred and will incur in the treatment of Reba's injuries and for loss of Reba's earnings also lies in Tarrant County, by virtue of having been joined with the claims just mentioned for the personal injuries suffered by Mrs. Smith. See our opinion in No. 14959, cited supra.

A different situation exists, however, with respect to the claim for Reba's personal injuries. Although the recitations of the petition are to the effect that the suit is brought by the mother as next friend of the minor, the minor, and not the next friend, is the real party in interest. 23 Tex.Jur. p. 759. Reba was not hurt in the first collision. The injuries for which she sues, according to the evidence, were received in the second collision. The petition specifically alleges that Reba received her injuries in the second collision. What

**554**

we said in the opinion in No. 14959, cited supra, on authority of City of Vernon v. Lisman, Tex.Com.App., 17 S.W.2d 769, relative to the fact that the proof did not show that any act of negligence on the part of Wester proximately caused Mr. Smith's death, is applicable to the question of causation in the present case. And for the same reasons set out in that opinion, we hold that venue of the claim for Reba's personal injuries does not lie in Tarrant County under Subdivision 4. Article 1995, Vernon's Ann.Civ.St.

The respective claims of Mrs. Smith, suing for herself, and of the two minors, suing by their mother as next friend, are distinct and severable claims. The order overruling the plea of privilege, in so far as it relates to Reba's claim for her personal injuries, is reversed, and such claim, as against the appellant Wester but not as against the defendants Halsell and Cawthorne, is ordered transferred to the district court in Brown County, and the clerk of the trial court is instructed to comply with the applicable provisions of Rule 89 in making such transfer. In all other respects the order of the trial court overruling the plea of privilege is affirmed.

The costs of this appeal, and the costs of the trial court incurred in connection with the suit of Mrs. Georgia Smith, as next friend for Reba Smith, prior to the time such suit is filed in the District Court of Brown County, Rule 89, are taxed against appellee, Mrs. Georgia Smith, as next friend of the minor, Reba Smith.

Affirmed in part, reversed and rendered in part.