## WELLIVER et ux. v. LONE STAR GAS CO.
### No. 10157.

Court of Civil Appeals of Texas. Austin.
July 1, 1953.

Rehearing Denied July 31, 1953.

Watt Saunders, Gatesville, Cofer & Cofer, by John D. Cofer, Austin, for appellants.

Powell, Wirtz & Rauhut, Ben H. Powell, Austin, Thompson, Knight, Wright & Simmons, Adair Rembert, Dallas, for appellee.

ARCHER, Chief Justice.

This is a suit by appellants (plaintiffs below) against the appellee (defendant below) to recover damages for personal injuries and to property resulting from the explosion of gas from a leak alleged to have existed in the gas line installed and maintained by the defendant.

The trial court sustained defendant's exceptions to the sufficiency of plaintiffs' petition, and upon plaintiffs' refusal to amend, entered final judgment that plaintiffs take nothing. From such judgment plaintiffs appeal.

The appeal is before this Court on the point that the trial court erred in sustaining defendant's exceptions and in holding

that plaintiffs' petition stated no cause of action.

Plaintiffs' second amended original petition alleged as follows:

## "II.

"Heretofore to-wit on the first day of December, A.D. 1948, and for some time prior thereto, the plaintiffs resided on a farm in the country in Travis County, Texas, about eleven miles northwest of the City of Austin, in Travis County, Texas. That at said time and for a long time prior thereto the plaintiffs cooked and used butane gas at their said home, and said gas and the equipment and installation in connection therewith was furnished by the defendant, Lone Star Gas Company. About five months before said date aforesaid plaintiffs had purchased a butane gas range from Sears & Roebuck in the City of Austin in Travis County, Texas, and said range was installed and the connections made by the Defendant, Lone Star Gas Company, on said date aforesaid said stove was in a new condition and no leaks existed in the stove nor in its parts and equipment. After said connections were made and said installation was completed the defendant, Lone Star Gas Company, continued to supply the plaintiffs with gas and to service said butane gas system with gas when the same was required. No other person or corporation at any time had anything to do with making said installation or said connection nor at any time made any repairs upon said system or made any changes thereto. Said connections and said installation were made entirely by the defendant and its agents, servants and employees and such connections and installation remained up until December 1, 1948 just as they had been originally made and installed by the said defendant, Lone Star Gas Company. Said installation and connections were not properly made by the defendant, Lone Star Gas Company, and the defendant, its agents, servants and employees in so making said connections and installation were guilty of negligence. On the 1st day of December, 1948, a serious and dangerous leak developed in the connections to said above and in the installation line which had

been made by the defendant, its agents, servants and employees. Said leak was evidenced by an almost complete loss of pressure in said line, and when the gas was turned on and plaintiffs attempted to light the same it was impossible to secure sufficient flame from the line to enable the plaintiffs to use said gas range for cooking their meals and for other purposes for which the said range was intended. If the burners in the oven were lighted, there was insufficient pressure for the top burners to burn. If the burners on top were lighted, there was insufficient pressure for the oven to burn. At the time of the explosion, and prior thereto, plaintiff had not left any outlet open and not burning, and had done nothing improper in operating said stove and no gas was escaping from the stove itself and its parts. Such decrease in pressure were caused by said serious and dangerous leak in said line heretofore set out. As a result of said leak gas accumulated in the Kitchen of the plaintiffs in such a quantity as to ignite in the air and a violent and serious explosion resulted therefrom. As a result of said explosion plaintiffs suffered serious damage and injury as hereinafter set out.

"The said explosion resulted directly and proximately from said serious leak heretofore set out, and such leak and such explosion was of such a nature as under all the facts and circumstances would not and could not have occurred but for the negligence of the defendant, its agents, servants and employees. Defendant, its agents, servants and employees as heretofore alleged had complete control of making the connections to said stove and the installation thereto as hereinbefore alleged, and no other person, corporation or agency through its acts or their act could have or did intervene to cause such leak to exist. Plaintiffs plead this case under the doctrine of Res Ipsa Loquitur, and plaintiffs alleged that under all the facts and circumstances the injury and damage to the plaintiffs would not have occurred — for the negligence of the defendant. Plaintiffs say that the facts and circumstances connected with the installation of said butane gas sustem are peculiarly within the knowledge of the

defendant, and that the burden rests upon the defendant to free itself of negligence in this regard.

"The injury and damage to the plaintiffs as hereinafter set forth in this amended petition resulted directly and proximately from the negligence of the defendant, its agents, servants and employees in making said connections and said installation as aforesaid."

Defendant lodged five special exceptions to plaintiffs' petition:

"Exception I was to the allegation 'that said installation and connections were not properly made by defendant, and that defendant and its employees, in making said connections and installation, were guilty of negligence,' for each of the following reasons: (a) Said allegations are conclusions of the pleader; (b) said allegations are so vague and indefinite that appellee cannot properly prepare its defense thereto; should be made more definite and certain by stating how and wherein the same were not properly made, and how and wherein appellee was guilty of negligence as therein alleged.

"Exception II was to the allegation 'that such leak and explosion was of such nature as under all of the facts and circumstances would not and could not have occurred but for the negligence of defendant and its employees,' for the following reasons: (a) Said allegation is a conclusion of the pleader; (b) no facts were shown demonstrating that said leak and explosion could not have occurred but for the negligence of appellee; (c) said allegation should be made more definite and certain by stating how and wherein defendant was negligent.

"Exception III was to the allegation that 'defendant and its employees had complete control of making the connection of said stove and installation thereof as hereinbefore alleged, and no person, corporation or agency through its acts or their acts could have or did interfere to cause such leak to exist,' for the following reasons: (a) Petition showed affirmatively defendant was not in charge of the stove or connections at the time of the fire or explosion; rather, plaintiffs were in charge

thereof, in the light of which the quoted allegations are insufficient in law to form the basis for res ipsa loquitur.

"Exception IV was to the allegation that 'plaintiff pleads this case under the rule of res ipsa loquitur and alleges under all the facts and circumstances the injuries and damages to plaintiff would not have occurred but for negligence of defendant, that the burden rests on defendant to free itself of negligence,' for the following reasons: (a) No facts are alleged sufficient in law to make the rule of res ipsa loquitur applicable; (b) said allegations are conclusions of the pleader, with no facts alleged sufficient in law to justify the same; (c) said allegations should be made more definite and certain by setting forth wherein and how defendant was negligent.

"Exception V: Appellee specially excepted to the allegation found in the second numbered paragraph 'that plaintiff injuries and damage was proximately caused by negligence of defendant in making said installation and connection aforesaid,' for the reason that said allegation is so vague and indefinite that defendant cannot properly prepare its defense thereto, and should be made more definite and certain by stating how and wherein defendant was negligent in making said connection and installation."

It is to be observed that appellants cast their suit and claim to remain in court and try the case solely on the contention that the rule of res ipsa loquitur applies.

The appellants' point is that the court erred in sustaining defendant's exception and in holding that plaintiffs' petition stated no cause of action, and in effect that they were entitled to go to the jury on their pleadings on general terms.

The res ipsa loquitur rule has been before the courts many times.

 In Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, 664, the Court said:

"'Where the particular thing causing the injury has been shown to be under the management of the defendant, or his servants, and the accident is such as in the ordinary course of

things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation, that the accident arose from want of care.'

\* \* \* \* \* \*

"It is apparent from the principles recognized and established by the Supreme Court as pointed out in the foregoing discussion of the nature and effect of the rule as interpreted by the decisions of this state that there are several conditions essential to make applicable the 'res ipsa' rule. An essential allegation necessary to warrant its application in a case in which defectiveness in equipment is alleged is that the management and control of the equipment which produced the injury shall be with the defendant exclusively. The theory is that plaintiff is not in a position to show the particular circumstances which caused the equipment to operate to his injury, and that defendant possesses the superior knowledge or means of information as to the cause of the defect, if any; and should therefore be required to produce the evidence in explanation."

We do not believe that appellants' petition contains the essential elements as are requisite under the above holding in that the allegedly defective equipment referred to in the petition producing the alleged explosion and fire was within the management and control of appellee, either exclusively or at all.

The theory of the rule is that a defendant, having control and management of the instrumentality causing the injury, has superior knowledge or means of information to determine the cause of the defect.

The petition does not allege that appellee owned either the stove or the gas connections, or if furnished, these things remained with the owner or remained in control of them.

The pleading alleged that appellee "had complete control of making the connections to said stove and the installation thereto as hereinbefore alleged," and there is no allegation that appellee was in control after the installation was made, or in control at the time of the explosion, or that it could have even had the right to enter the appellants' premises to inspect the installation.

The allegation that appellee continued to service the butane system with gas does not meet the requirement that allegedly defective stove and/or connections were under the management and control of appellee.

The servicing of the butane system as generally understood was that of filling the tank with gas when needed.

It is to be noted from the petition that on the morning of the explosion appellants were manipulating the valves on the stove, by the allegations that if the top burners were turned on, the oven burners would not light, and if the oven were lighted, the top burners would not burn.

The allegations further are that the burners were kept closed and did nothing to cause the explosion, but do not allege that any of appellee's representatives had been there so as to have any knowledge on the subject or ability to explain.

We do not believe that plaintiffs' pleading satisfies the rule of res ipsa loquitur in that it does not allege that the defendant had exclusive control of the instrumentality causing the damage, or that its workmen had access to the house following the installation, or that they had any supervision over the stove, or the pipes in the house leading up to it. 38 C.J.S., Gas, § 47, p. 746; 16 Tex.Jur. p. 274; Wichita Falls Traction Co. v. Elliott, supra; Henderson v. City of Cross Plains, Tex.Civ. App., 235 S.W.2d 936 (error ref.).

We have given careful consideration to the cases and authorities cited by appellants but do not believe them to be controlling in the instant case.

The judgment of the trial court is affirmed.

Affirmed.