R. S. BEARDEN, Jr., Appellant,

v.

LYNTEGAR ELECTRIC COOPERATIVE,
INC., Appellee.

No. 8038.

Court of Civil Appeals of Texas,
Amarillo.

May 4, 1970.

Reearing Denied June 8, 1970.

Ray D. Anderson, Brownfield, for appellant.

Albert Smith, and Beau Boulter, Lubbock, Huffaker & Green, Tahoka, for appellee.

JOY, Justice.

This is an appeal from an order sustaining the defendant's plea of privilege. Reversed and remanded.

On August 25, 1968, the plaintiff R. S. Bearden, Jr., resided and conducted a hog feeding business in Terry County. Bearden's hogs were housed in a "bacon bin" that was climatized. The bacon bin was thermostatically controlled and depended upon electricity for its heating, air conditioning, ventilation, and water supply. About 11:30 a.m. in the morning of August 25, 1968, Bearden and his wife left their home to visit Bearden's brother, who lived approximately 35 miles away. When Bearden and his wife returned home about 10:30 p.m. that evening, they discovered that the electrical power on their premises was off and had been off since about 3:00 p.m. that afternoon Bearden called the defendant Lyntegar Electric Cooperative, Inc., and reported the outage. Lyntegar promptly sent its employees out to Bearden's premises and restored his power. Because of this power failure, Bearden lost 142 hogs from suffocation as a result of the lack of ventilation, and the surviving hogs suffered a considerable loss of weight as a result of the heat.

Bearden filed this suit in Terry County and Lyntegar filed a plea of privilege to be sued in Lynn County, which is the county of its domicile and residence. Bearden then filed his controverting plea contending that this suit was for damages arising out of Lyntegar's alleged negligence, that the negligence occurred in Terry County, that the negligence was a proximate cause of his damages, and thus under § 9a of Art. 1995, Vernon's Ann.Civ.St., venue was proper in Terry County.

To maintain venue under § 9a of Art. 1995, the plaintiff must establish by the preponderance of the evidence that "an act or omission of negligence occurred in the county where suit was filed." Bearden has alleged two grounds of negligence. First, he contends that Lyntegar failed to properly inspect its equipment and failed to maintain its equipment in a reasonable state of repair. The record reveals no testimony or evidence concerning the manner in which Lyntegar inspected or maintained its electrical equipment, and so the order of the trial court must be sustained on this point.

Secondly, Bearden contends that as the electrical equipment was in the exclusive control of Lyntegar and as such a failure does not occur in the absence of negligence, Lyntegar should be held negligent under the doctrine of res ipsa loquitur.

In its brief before this court Lyntegar raises the question as to whether the doctrine of res ipsa loquitur can be used to maintain venue under Section 9a of Art. 1995. Section 9a requires that the plaintiff "establish by the preponderance of the evidence" that "an act or omission of negligence occurred in the county where suit was filed."

■■ Negligence may be established by circumstantial as well as direct evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W. 2d 273 (1958); Washington v. Missouri, K. & T. Ry. Co., 90 Tex. 314, 38 S.W. 764 (1897). Res ipsa loquitur is one type of circumstantial evidence. McCormick & Ray, Evidence, § 108. Thus circumstantial evidence (which includes res ipsa loquitur) is just as effective as direct evidence in establishing venue under Section 9a. Boyd v. Thompson-Hayward Chemical Company, 450 S.W.2d 937 (Tex.Civ.App., writ filed).

■ ■ It is public policy "of this state that continuous service by public utilities furnishing electric energy, natural or artificial gas, or water to the public is absolutely essential to the life, health and safety of all of the people .* * *." Section 1 of Art. 1446a, R.C.S. While a public utility is not an insurer of continuous service, it will be liable for damages which result from its negligence. Texas Utilities Co. v. Dear, 64 S.W.2d 807 (Tex.Civ.App., writ dism'd); Henneke v. Gasconade Power Co., 236 Mo.App. 100, 152 S.W.2d 667 (1941); Arkansas Power & Light Co. v. Abboud, 204 Ark. 808, 164 S.W.2d 1000, 143 A.L.R. 297 (1942); Bissel v. Eastern Illinois Utility Co., 222 Ill.App. 408 (1921); Annot., 4 A.L.R.3rd 594 (1965). Furthermore a plaintiff may rely on the doctrine of res ipsa loquitur to infer negligence on the part of a public utility. Texas Utilities Co. v. Dear, *supra.*

At issue here is whether the plaintiff established the negligence of Lyntegar in order to maintain venue under Section 9a.

At the hearing the only witnesses called were the plaintiff Bearden and a farmer, Carl Pye. Both were called as witnesses for the plaintiff. The defendant Lyntegar called no witnesses and introduced no evidence. The testimony of Bearden was to the effect that: there were no electrical storms that day to cause the outage; that the trouble was back up the highway on the defendant's lines; that the plaintiff did not have any trouble with his equipment and did not have to repair any of his equipment; that the plaintiff had no control over Lyntegar's electrical lines or equipment up to his barns; and that no one else had any control over the lines except Lyntegar.

■ When a plaintiff relies on the doctrine of res ipsa loquitur, the plaintiff has the burden of persuasion (or burden of proof). To meet this burden, the plaintiff must establish that "(1) the character of the accident and the circumstances attending it lead reasonably to the belief that in the absence of negligence, it would not have occurred; and (2) the thing which caused the injury is shown to have been under the management and control of the defendant." Owen v. Brown, 447 S.W.2d 883, 886 (Tex. 1969).

■ The interruption of electrical service is not such an event that occurs without a cause. When a power failure occurs, "there is a defect somewhere. Where and what it is is known only to the experts in the use and management of electricity." Texas Power & Light Co. v. Bristow, 213 S.W. 702, 705 (Tex.Civ.App., writ ref'd). (The injury in this case was a death that resulted from an excessive current of electricity.) In the case at bar the plaintiff has produced evidence that the power outage was not caused by lightning or the equipment under the plaintiff's control. These circumstances and "the character of the accident * * * lead reasonably to the belief that in the absence of negligence, it would not have occurred * * *." *Id.* Secondly, the plaintiff produced evidence that the power outage was caused by factors which were under the sole "management and control of the defendant." Thus, the plaintiff has established a prima facie case of negligence under the doctrine of res ipsa loquitur. "(W)here plaintiff has established a presumptive or prima facie case of negligence, by virtue of the doctrine of res ipsa loquitur, it is incumbent upon defendant, if he wishes to avoid the effect of the doctrine, to introduce evidence to explain, rebut, or otherwise overcome the presumption or inference that the injury complained of was due to negligence." Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, 664–665 (1935). Here the defendant did not introduce any evidence "to explain, rebut, or otherwise overcome the presumption or inference that the injury complained of was due to negligence." When the plaintiff made out his prima facie case of negligence, the burden of producing evidence shifted to the defendant. The defendant did not go forward with *any* evi-

dence and thus the plaintiff's controverting plea should be sustained.

In its brief before this court Lyntegar argues that "(t)here are many reasons why such a failure can come about and the outage, though it be attributable to a blown fuse, is simply no evidence of negligence." If there are other reasons for the outage than defendant's negligence, the defendant should have introduced some evidence to support that contention. It is not the responsibility of the courts to speculate on what may have caused the outage. Nor is the plaintiff required to exclude all other possible explanations of the outage. Burlington-Rock Island R. Co. v. Ellison, 140 Tex. 353, 167 S.W.2d 723 (1943); Bock v. Fellman Dry Goods Co., 212 S.W. 635 (Tex.Comm.App., holding approved).

The theory of res ipsa loquitur is based partly on the theory that the defendant has superior knowledge or means of information to determine the cause of the defect. Owen v. Brown, 447 S.W.2d 883 (Tex. 1969); Welliver v. Lone Star Gas Co., 260 S.W.2d 70 (Tex.Civ.App., writ ref'd). Lyntegar had the control and management of the instruments used to transmit electricity to the plaintiff. The outage was caused by some defect or incident on its lines. Lyntegar is the only party which knows, should know, or has the means of determining the reason for the power outage. Yet Lyntegar failed to introduce any evidence to explain the cause of the outage. Nor did Lyntegar offer any reason for its failure or inability to offer any evidence to rebut the presumption of negligence.

The judgment of the trial court is reversed and the case remanded for a trial on the merits.

DENTON, C. J., not participating.