**BRAZOS VALLEY HARVESTORE SYSTEMS, INC., Appellant,**

v.

**Louise BEAVERS et vir., Appellees.**

No. 899.

Court of Civil Appeals of Texas, Tyler.

April 8, 1976.

Rehearing Denied April 29, 1976.

Billy M. Payne, Lawrence, Thornton, Payne & Watson, Bryan, for appellant.

Blake Bailey, Gordon Wellborn & Rex Houston, Henderson, William D. Guidry, Benchoff & Guidry, Nacogdoches, for appellees.

DUNAGAN, Justice.

This appeal is from a judgment overruling appellant's plea of privilege to be sued in Brazos County. After a hearing before the court, the suit was retained in Rusk County.

Louise and R. R. Beavers, appellees, entered into a written contract with Brazos Valley Harvestore Systems, Inc., appellant, for the installation of an automatic feed system on appellees' dairy farm in Rusk County. After the system was installed, appellees instituted this suit against appellant. They alleged that appellant's breach

of express and implied warranties of proper installation resulted in a loss of milk production. They further alleged that appellant's negligence caused the fall of Louise Beavers from the feed system. Appellees sought $20,000 for the loss of milk production and $250,000 for medical expenses, incapacity and pain caused by the fall.

Appellant, a Texas corporation with its principal place of business in Brazos County, contends that appellees failed to establish any exception to its right to be sued in Brazos County. Appellees rely upon subdivision 5 (suits on contracts), subdivision 9a (suits for negligence) of Article 1995 and upon the Middlebrook doctrine if one subdivision should be inapplicable.

The venue facts which must be alleged and proved under subdivision 5 are as follows: (1) that the defendant is a party reached by the statute; (2) that the claim is based upon a written contract; (3) that the contract was entered into by the defendant or one authorized to bind him; and (4) that the contract by its terms provides for performance of the obligation sued upon in the county of suit. *General Motors Corp. v. Brady,* 477 S.W.2d 385, 388–389 (Tex.Civ. App.—Tyler 1972, n. w. h.); 1 McDonald, Texas Civil Practice, section 4.11.1. Subdivision 5 is not invoked unless the written contract expressly names the county of performance or a definite place therein. *Harkness v. Employers National Insurance Co.,* 502 S.W.2d 670 (Tex.1973).

We find that the above venue facts are present. In fact, appellant does not dispute the existence of any of these venue facts. Rather, it contends that subdivision 5 is inapplicable because appellees' contractual claim was not the principal right asserted in their petition. Appellant points out that the contract claim amounted to less than 7.5% of the recovery sought and concludes that simple mathematics establish the dominance of the negligence cause of action. We disagree.

Appellant relies on the rule that when venue depends on the nature of the suit, such venue is ordinarily determined by the nature of the principal right asserted. *Brown v. Gulf Television Co.,* 157 Tex. 607, 306 S.W.2d 706 (1957). This well-established rule is used to determine which, if any, venue exception applies to the circumstances of the case. *See Shelton v. Poynor,* 326 S.W.2d 583 (Tex.Civ.App.—El Paso 1959, writ dism'd); *Traweek v. Ake,* 280 S.W.2d 297 (Tex.Civ.App.—El Paso 1955, n. w. h.); *Miller v. Howell,* 234 S.W.2d 925 (Tex.Civ.App.—Fort Worth 1950, n. w. h.). We have found no case in which this rule has been used to establish the dominance of one cause of action over another. A ratio of approximately 75 to 1 existed between the recoveries sought on two causes of action in *Wester v. Smith,* 213 S.W.2d 550 (Tex.Civ.App.—Fort Worth 1948, n. w. h.). The lesser cause came within an exception to the venue privilege and the court did not permit that cause to be controlled by the greater. We do not believe that the magnitude of the relief sought on one cause of action can prevent the application to another cause of action of a venue exception which has been otherwise established. *See Burke v. Scott,* 400 S.W.2d 385, 389 (Tex. Civ.App.—Austin 1966, writ dism'd). We hold that appellees' contractual claim was properly retained in Rusk County.

Appellant also attacks the retention of the negligence cause of action in Rusk County. To sustain venue in Rusk County under subdivision 9a, appellees were required to prove: (1) that a negligent act or omission occurred in Rusk County; (2) that such act or omission was that of appellant or its servant, agent or representative acting within the scope of employment; and (3) that such negligence was the proximate cause of the injury. *H. E. Butt Grocery Stores, Inc. v. Norwood,* 504 S.W.2d 920 (Tex.Civ.App.—San Antonio 1974, n. w. h.); 1 McDonald, Texas Civil Practice, section 4.07.2, at 476–480.

The record is before us without findings of fact or conclusions of law. Therefore, we must presume that the trial court found each of the above facts in support of the judgment. *Boyd v. Thompson-Hayward Chemical Co.,* 450 S.W.2d 937, 941

(Tex.Civ.App.—Tyler 1970, writ dism'd). Appellant argues that there was no evidence, or no more than a scintilla of evidence, to support the implied finding that the act or omission causing the injury was that of appellant or its servant. In passing upon this "no evidence" point, we must consider only the evidence and reasonable inferences therefrom in favor of the judgment. *Boyd v. Thompson-Hayward Chemical Co.,* supra; Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361, 364 (1960).

When viewed in the light most favorable to the judgment, the evidence shows that appellant's employees installed an automatic feeding system upon appellees' dairy farm. This system basically consisted of a grain storage silo, a "flight" conveyor, a "hopper" and a feed conveyor. The flight conveyor took grain from the silo upwards about 5 feet to the hopper. The hopper funneled the grain down to the feed conveyor which ran the length of a concrete slab and from which the cattle were fed. This hopper often became obstructed with grain and Mrs. Beavers fell while attempting to clean out the hopper. The fall occurred when she grasped a horizontal 2 × 4-inch board which "pulled loose" from two vertical posts. The board had been attached to each post with one medium-sized nail. Mrs. Beavers testified that she did not install this 2 × 4-inch board and did not direct any of the farm employees to install it. She testified that she did not know who installed it. Mrs. Beavers further testified that appellant's employees were working at or near that spot when the board first appeared.

■ While there is no direct evidence that appellant's employees installed the 2 × 4-inch board, the venue facts of subdivision 9a may be established by circumstantial evidence. *Bearden v. Lyntegar Electric Cooperative, Inc.,* 454 S.W.2d 885 (Tex.Civ. App.—Amarillo 1970, n. w. h.); *Boyd v. Thompson-Hayward Chemical Co.,* supra. To establish a fact by circumstantial evidence, however, the circumstances relied on must have sufficient probative force to constitute a basis of legal inference; it is not enough that they raise a mere surmise or suspicion of the fact. *Mobile, Inc. v. Cone,* 457 S.W.2d 175 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.). If the circumstances relied on are **equally consistent** with the existence and nonexistence of an ultimate fact sought to be established, such circumstances constitute no evidence of that fact. *Imperial Casualty and Indemnity Co. of Omaha, Nebraska v. Terry,* 451 S.W.2d 303, 308 (Tex.Civ.App.—Tyler 1970, n. w. h.); *South Texas Water Co. v. Bieri,* 247 S.W.2d 268, 274 (Tex.Civ.App.—Galveston 1952, writ ref'd n. r. e.).

■ We conclude that the evidence and reasonable inferences therefrom, when viewed in the light most favorable to the judgment, establish only that appellant could have installed the 2 × 4-inch board. We are of the opinion that there is no more than a scintilla of evidence that appellant did install the board. The evidence is equally consistent with the installation of the board by appellees' employees as with its installation by appellant's employees. Such evidence will not invoke subdivision 9a. *The Southland Corporation of Texas v. Doss,* 408 S.W.2d 557 (Tex.Civ.App.—San Antonio 1966, n. w. h.).

■ Appellees also pleaded that appellant was negligent in the following omissions: (1) failure to provide safe access to the hopper; (2) failure to instruct appellees on how to safely climb to the hopper; and (3) failure to warn appellees of the danger in climbing to the hopper.[1] Appellees argue that even if they did not prove that appellant's employees installed the 2 × 4-inch board, subdivision 9a was invoked by these negligent omissions.

Appellant's service representative, Mr. Holliman, testified that he knew of the hopper's tendency to become clogged with grain and did not instruct appellees on how to climb to the hopper or provide any means to do so. Although it is undisputed that

---

1. A products liability theory was not asserted.

such conduct was that of appellant through its employee, there is no evidence that such conduct was negligent or that it proximately caused the injury. In the absence of such evidence, the omissions are insufficient to maintain venue in Rusk County under subdivision 9a.

■ Appellees argue that despite the inapplicability of subdivision 9a they are entitled to maintain the negligence cause of action in Rusk County under the Middlebrook doctrine. This rule is that a plaintiff who in good faith asserts joinable claims against the same defendant can maintain venue upon all those claims in a county where venue is proper as to one claim. 59 Tex.Jur.2d, sec. 116, p. 542; 1 McDonald, Texas Civil Practice, section 4.38; *Middlebrook v. David Bradley Mfg. Co.*, 86 Tex. 706, 26 S.W. 935 (1894). This doctrine has been recently affirmed. *Baxter v. Wetzel*, 511 S.W.2d 540 (Tex.Civ.App.—El Paso 1974, n. w. h.); *Pecos Valley Southern Ry. Co. v. Parkhill Produce Co.*, 163 Tex. 88, 352 S.W.2d 723 (1961). This doctrine is not based on any exception in Article 1995 but rather on the public policy of avoiding a multiplicity of suits. *Boyd v. San Antonio Nat. Bank*, 171 S.W.2d 375 (Tex.Civ.App.—San Antonio 1943, n. w. h.); *Stevens v. Willson*, 120 Tex. 584, 39 S.W.2d 1088 (Tex. 1931); 59 Tex.Jur.2d sec. 116, p. 544. There are exceptions to the Middlebrook doctrine. 1 McDonald, Texas Civil Practice, section 4.38 at 559–561. However, none of these exceptions appears applicable here.

Appellant contends that the Middlebrook doctrine does not apply to causes of action belonging to more than one plaintiff. It relies upon the rule that when two plaintiffs, asserting distinct and unrelated actions against the same defendant, join these actions, the Middlebrook doctrine is inapplicable; if the defendant's plea of privilege was good as to one plaintiff but not good as to the other, the plea should be sustained as to the one and overruled as to the other. *Finder v. Jenka Corp.*, 348 S.W.2d 236 (Tex.

Civ.App.—San Antonio 1961, n. w. h.). Appellant contends that the contractual cause of action belongs to the community estate of Mr. and Mrs. Beavers while the negligence cause of action belongs to the separate estate of Mrs. Beavers.

■ The Middlebrook doctrine has been applied in suits brought by multiple plaintiffs. *See Sheffield v. Kirschmer*, 269 S.W.2d 942 (Tex.Civ.App.—Dallas 1954, n. w. h.); *Squyres v. Christian*, 242 S.W.2d 786 (Tex.Civ.App.—Texarkana 1951, writ dism'd); *Hawkins v. Schroeter*, 212 S.W.2d 843 (Tex.Civ.App.—San Antonio 1948, n. w. h.); *Eppenauer v. Hoffman*, 115 S.W.2d 478 (Tex.Civ.App.—Eastland 1938, n. w. h.). Nevertheless, the application of the Middlebrook doctrine to causes of action arising out of different transactions depends on the nature of these causes of action. *See Wester v. Smith*, 213 S.W.2d 550 (Tex.Civ.App.—Fort Worth 1948, n. w. h.) and *Wester v. Smith*, 213 S.W.2d 552 (Tex.Civ.App.—Fort Worth 1948, n. w. h.). In the *Wester* cases, causes of action shared by multiple plaintiffs were joined under the Middlebrook doctrine while a cause of action belonging to one of those plaintiffs alone was severed and transferred to the county of the defendant's residence. We look, therefore, to the nature of the claims asserted in the original petition of the Beavers.

■ It is undisputed that the claim for lost milk production belongs to the community estate. The negligence claim sought recovery for mental and physical pain and suffering, for incapacity,[2] and for medical expenses. The claim for Mrs. Beavers's pain and suffering belongs to her separate estate while the claims for incapacity and medical expense belong to the community. *Graham v. Franco*, 488 S.W.2d 390, 396 (Tex.1972).

That portion of the negligence cause of action which belongs to the community estate is joinable under the Middlebrook doctrine with the community's contractual

---

2. The evidence shows that the incapacity was the inability of Mrs. Beavers to perform her work around the dairy farm.

claim. The entire negligence cause of action, however, is shared by the community estate and the separate estate of Mrs. Beavers. The Middlebrook doctrine has been applied to prohibit the severance of an indivisible cause of action owned jointly by multiple plaintiffs. *Roberts v. Dunn*, 426 S.W.2d 273, 275 (Tex.Civ.App.—Dallas 1968, n. w. h.). We believe that the public policy of avoiding a multiplicity of suits should be applied in this case to hold the entire negligence cause of action in Rusk County.

The judgment of the trial court is affirmed.